Robert B. LEE, Plaintiff-Appellant,

v.

CITY OF PEORIA, et al.,
Defendants-Appellees.

No. 81–2642.

United States Court of Appeals,
Seventh Circuit.

Argued May 10, 1982.

Decided Aug. 6, 1982.

Walter D. Braud, Braud, Warner, Nappl & Westensee, Rock Island, Ill., for plaintiff-appellant.

Eric Magolis, Peoria, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, DAVIS,* Associate Judge, and PELL, Circuit Judge.

PELL, Circuit Judge.

In this suit pursuant to 42 U.S.C. §§ 1981, 1983, and 1985 (1976), the appel-

* Oscar H. Davis, Associate Judge of the United States Court of Claims, is sitting by designa-  tion.

lant Robert B. Lee claims that the Peoria Police Department and the Board of Fire and Police Commissioners (Board) discriminated against, and eventually discharged, him from the police department on the basis of race. In response to the defendants' motions, the district court apparently dismissed the suit on grounds of res judicata and collateral estoppel, because it found the issue of whether Lee's discharge was racially motivated to have been determined against him in a state dismissal proceeding before the Board, in a state court proceeding affirming the Board's decision, and in an Equal Employment Opportunity Commission (EEOC) determination of no reasonable cause for Lee's subsequent EEOC charge arising out of the same facts. Lee is appealing from the district court's dismissal of the suit on these grounds.

## I. Factual Background

On March 16, 1979, dismissal proceedings were instituted pursuant to Ill.Rev.Stat. ch. 24, § 10–2.1–17 (1977) against Lee, who was then an officer of the Peoria Police Department. On April 11, 1979, a hearing was held before the Board on the charge filed by the Superintendent of Police that Lee had willfully given false testimony before the Board in that he claimed to have been at home ill on May 22, 1978, when he had "in fact participated in a lengthy conversation with Alva Hall in front of Commissioner Hall's office."

The only record of the hearing in the record before this court is the Board's "Findings and Decision" (Board's Decision) dated June 8, 1979. The Board's Decision indicates that Lee's only defense to the charge was that he was in fact home in bed on the date in question and that Commissioner Hall was confused about the date of their meeting. In the course of his testimony, Lee remarked that "he had begun some time previously keeping records of significant meetings as a result of his harassment within the police department." There is nothing in the record which suggests that racial discrimination was an issue in the hearing. The Board determined that Lee

had given false testimony to the Board and ruled that he was to be discharged immediately.

Pursuant to Ill.Rev.Stat. ch. 110, § 264 and Ill.Rev.Stat. ch. 24, § 10–2.1–17 (1977), Lee filed a complaint for administrative review of the Board's Decision in the Illinois Circuit Court of Peoria County. In his complaint, Lee claimed *inter alia* that his discharge was the result of racial discrimination on the part of the Board as well as the city and that it otherwise was in violation of due process. In a brief order dated May 9, 1980, the court found simply that "the decision of the Defendant Board is sustained by the greater weight of the evidence and is not contrary to the manifest weight of the evidence." There is no indication in the record that the court heard any new or additional evidence in evaluating Lee's claims. No further appeal was taken by Lee from the decision.

On February 20, 1980, Lee filed a charge of racial discrimination with the EEOC against the city of Peoria and the Board pursuant to Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §§ 2000e to 2000e–17 (1976). On March 3, 1980, the district director issued a determination that there was no reasonable cause to believe that the allegations of the charge were true. On February 20, 1980, Lee was issued his "Notice of Right-to-Sue" under Title VII. Lee failed to file a Title VII suit within the prescribed statutory time frame.

On June 11, 1980, however, Lee filed this civil rights suit in district court. The defendants moved to dismiss, in part on grounds of res judicata and collateral estoppel. After a hearing on the motion, the district court issued an order dismissing the suit:

Plaintiff points out that this civil rights complaint is a separate and distinct cause of action from both the administrative review proceeding and the Title VII complaint to EEOC, and that is true; but it is equally clear that the single issue of fact, i.e., whether plaintiff's discharge was racially motivated is common to all three proceedings. Plaintiff allowed both prior

determinations against him, after full due process of law, to become final, and now wishes to have the identical factual dispute, with the same opposition, tried over again. That is clearly barred by well-established principles of res judicata or collateral estoppel.[1]

II. The Applicability of Res Judicata and Collateral Estoppel to Civil Rights Actions in Federal Court Subsequent to State Proceedings

■ Ordinarily a state court judgment commands the same res judicata effect in federal court that it would have had in the state court that entered it.[2] *Harl v. City of La Salle,* 679 F.2d 123, 125 (7th Cir. 1982); 18 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 4469, at 659–60 (1981). In *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1981), the Supreme Court established that issues resolved in state court proceedings may constitute collateral estoppel to issues subsequently raised in section 1983 proceedings in federal courts. The holding of *Allen* applies with equal validity to proceedings pursuant to sections 1981 and 1985. *Gear v. City of Des Moines,* 514 F.Supp. 1218, 1224 (S.D.Iowa 1981). The Supreme Court has also made it clear that issues of fact determined by an administrative agency acting in a judicial capacity may collaterally estop future relitigation of administratively determined issues. *United States v. Utah Construction Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966); *see also* 23A ILLINOIS LAW AND PRACTICE § 291, at 82 (1979).

■ The crucial distinction between the preclusive effect of res judicata and collateral estoppel is that res judicata bars not only those issues which were actually decided in the prior action but also any issues which could have been raised. *Whitley v. Seibel,* 676 F.2d 245, 248 (7th Cir. 1982). In *Allen,* the Supreme Court expressly reserved decision on whether res judicata precludes relitigation in a section 1983 suit of issues which the plaintiff could have raised but did not raise in an earlier state court suit. 449 U.S. at 97 n.10, 101 S.Ct. at 416 n.10. Although reserving decision, the *Allen* Court explicitly approved of federal appellate court decisions holding that section 1983 presents no categorical bar to the application of res judicata *and* collateral estoppel concepts. 449 U.S. at 97, 101 S.Ct. at 416.

Further support for the applicability of traditional res judicata principles to civil rights actions was provided in *Kremer v. Chemical Construction Corp.,* — U.S. —, — n.22, 102 S.Ct. 1883, 1897 n.22, 72 L.Ed.2d 262 (1982), in which the Supreme Court concluded that 28 U.S.C. § 1738 (1976)[3] renders both res judicata and collateral estoppel principles applicable to state court determinations relitigated in Title VII suits in the federal courts. *Kremer,* like *Allen,* was decided on the basis of collateral estoppel. However, it appears from a footnote in *Kremer* that the Supreme Court did deem res judicata to preclude relitigation of an issue which Kremer could have raised, but did not, in the prior state proceedings. Kremer had alleged national origin discrimination before the EEOC and in his Title VII suit, but had failed to include the allegation in his complaint before the state. After noting that Kremer had never argued that his national origin claim was in any sense distinct from his claim of religious discrimination, the court stated:

tween state and federal law for measuring the preclusive effect of the prior state proceedings.

---

1. Due to the court's initial acknowledgment of "separate and distinct" causes of action, it is somewhat unclear on what principle of preclusion the court actually relied. Based on the court's subsequent analysis and concluding sentence in this passage, we assume that the court applied both the principles of res judicata and collateral estoppel in dismissing the suit.

2. For purposes of the present appeal, in any event, there are no substantive conflicts be-

3. Section 1738 provides that
   "The ... judicial proceedings of any court of any such State ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ...."

Of course, if Kremer desired to make such a claim, he was obligated to first bring it before the NYHRD. Moreover, "[a] party cannot escape the requirements of full faith and credit and res judicata by asserting its own failure to raise matters clearly within the scope of a prior proceeding."

102 S.Ct. at 1889 n.4 (citations omitted).

■ We see no reason to distinguish civil rights actions brought under sections 1981, 1983 and 1985 from suits brought under Title VII for purposes of applying res judicata. In a pre-*Allen* decision, this court held that a landowner was barred by res judicata from challenging the constitutionality of the Illinois Urban Renewal Consolidation Act in a section 1983 action because the issue could have been litigated in a prior state court eminent domain proceeding between the parties or their privies. *Blankner v. City of Chicago*, 504 F.2d 1037, 1042 (7th Cir. 1974), *cert. denied*, 421 U.S. 948, 95 S.Ct. 1678, 44 L.Ed.2d 101 (1975). The majority of decisions have also held that res judicata is applicable in the context of civil rights actions. 18 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE & PROCEDURE § 4471, at 696 & n.7 (1981), (citing *Blankner v. City of Chicago*, 504 F.2d 1037 (7th Cir. 1974), *cert. denied*, 421 U.S. 948, 95 S.Ct. 1678, 44 L.Ed.2d 101 (1975)). The Fifth Circuit has recently adopted this approach in *Southern Jam, Inc. v. Robinson*, 675 F.2d 94 (5th Cir. 1982). In *Southern Jam*, the prior state court proceeding had been brought by the County Commission in the state court to enjoin Southern Jam from holding a concert until it had complied with the Commission's recently adopted resolution. Southern Jam argued in the proceeding that the resolution violated due process and equal protection. The state court found in favor of the Commission, and subsequently Southern Jam, apparently abandoning its earlier claim of isopolity, brought a suit under sections 1983 and 1985 claiming due process and first amendment violations. Georgia law gener-

ally requires a party to raise any claim against an opposing party which arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. The Fifth Circuit held that the unsuccessful defendant in the state court proceeding was barred under the doctrine of res judicata from bringing suit under sections 1983 and 1985 based on constitutional claims that could have been, but were not, raised in the prior state proceeding. *Id.* at 98. We agree with the analysis of the Fifth Circuit and reaffirm this court's pre-*Allen* opinion in *Blankner v. City of Chicago*, 504 F.2d 1037 (7th Cir. 1974), *cert. denied*, 421 U.S. 948, 95 S.Ct. 1678, 44 L.Ed.2d 101 (1975), applying res judicata in a civil rights action to bar a suit even as to issues which could have been, but were not, litigated in a prior state proceeding.

III. The Preclusive Effect of the State Proceedings

■ The doctrine of res judicata is that a final judgment on the merits in a court of competent jurisdiction bars the same parties or their privies from relitigating not only the issues which were in fact raised and decided but also all other issues which could have been raised in the prior action. *Cromwell v. County of Sac*, 94 U.S. 351, 24 L.Ed. 195 (1877); *Morris v. Union Oil Co. of California*, 96 Ill.App.3d 148, 51 Ill.Dec. 770, 421 N.E.2d 278 (1981). The essential elements of the doctrine are generally stated to be: (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Nash County Board of Education v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir.), *cert. denied*, 454 U.S. 878, 102 S.Ct. 359, 70 L.Ed.2d 188 (1981).

The crucial question in this appeal is whether plaintiff's present suit presents the same cause of action for res judicata purposes as the prior state proceedings.[4] Al-

---

4. Lee claims that res judicata does not apply in this case because the same parties are not involved. The plaintiffs in the prior proceed-

ings in state court were the Board and the city of Peoria. The additional parties in this case are all sued in their capacity as officials or

though this issue was raised by the parties, neither party has cited a single case to aid in our determination of the issue. The standard test for determining whether there is one cause of action is clear, although its application is much less certain:

> [A] cause of action consists of a single core of operative facts which give the plaintiff a right to seek redress for the wrong concerned. Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action. If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different causes of action asserted, and *res judicata* bars the latter section.

*Morris v. Union Oil Co. of California*, 96 Ill.App.3d 148, 51 Ill.Dec. 770, 157, 421 N.E.2d 278, 285 (1981); *see also Gasbarra v. Park-Ohio Industries*, 655 F.2d 119, 121 (7th Cir. 1981).

Both the state proceedings and this suit arose from the same set of operative facts and the validity of Lee's discharge is crucial to each. *Gasbarra v. Park-Ohio Industries*, 655 F.2d 119, 121 (7th Cir. 1981); *cf. Kahler v. Don E. Williams Co.*, 59 Ill.App.3d 716, 16 Ill.Dec. 927, 375 N.E.2d 1034, 1036 (1978) (different causes of action because wrongful termination not essential to each). As in *Southern Jam*, however, our determination is complicated by the fact that a potential defense in the state proceedings is the predicate for the cause of action in these proceedings. Unlike the situation in *Southern Jam*, on the other hand, no provision of Illinois law has been brought to our attention which would have required Lee to present his race discrimination defense in the administrative proceedings or before the state court.

■ Despite these complexities, we find that the present suit is barred by the decision of the state circuit court under res judicata. Our decision is supported by a

similar decision by the Fifth Circuit on very similar facts. In *Jennings v. Caddo Parish School Board*, 531 F.2d 1331 (5th Cir.) (per curiam), *cert. denied*, 429 U.S. 897, 97 S.Ct. 260, 50 L.Ed.2d 180 (1976), the appellant was a former school teacher who had filed a section 1983 suit in the district court claiming her discharge was the product of racial discrimination. Prior to filing of the suit, the school board after a hearing had discharged the appellant. She petitioned for review of the Board's action in the state district court. The state district court found in favor of the board and the state appellate court affirmed. The appellant raised her racial discrimination claim before the state district court but apparently did not do so in the dismissal hearing. The Fifth Circuit held that "the judgment of the state court is conclusive as to all matters which were litigated or might have been litigated therein and bars a subsequent decision by the federal courts." 531 F.2d at 1331. The court rejected the appellant's contention that the state district court did not have jurisdiction to review her allegation that her dismissal was racially motivated and that the board hearing violated her due process rights. It found, because her complaint for review contained these allegations and the state appellate court had expressly affirmed the lower court's denial of the claims, that the state district court did have jurisdiction to review the allegations. *Id.* at 1331–32.

■ Similarly in the present case, the Board determined after a hearing that Lee was guilty of the charges against him and ordered dismissal. He could have raised the defense of racial discrimination to the charges, but did not do so. Lee petitioned for review to the state circuit court, claiming also that the Board's dismissal of him was racially motivated and violated due process. It does appear to us that if in fact he had been discharged solely because of racial discrimination he was not in fact or in law discharged because of the false testimony. This would have been a complete

employees of the Board or the city and, therefore, are in privity with the original parties.

*Lambert v. Conrad*, 536 F.2d 1183 (7th Cir. 1976).

defense. Despite Lee's assertions to the contrary,[5] the state circuit court had jurisdiction to review these allegations. An Illinois court has a duty, under the Administrative Review Act, to ensure that due process and an impartial adjudication were afforded in the administrative hearing. *Reich v. City of Freeport*, 527 F.2d 666, 671 (7th Cir. 1975). Having alleged that the Board's actions were in fact discriminatory and otherwise denied Lee the procedures to which he was entitled, Lee's claim of racial discrimination was properly before the state court and was necessary to the state court's determination. If the court had deemed it necessary to obtain more evidence on Lee's claims against the Board, it had the power to remand the case to the agency for further evidence. *Id.* (citing Ill.Rev.Stat. ch. 110, § 275(1)(g) (1977)).

Our decision is also in accord with the Restatement of Judgments outlining the application of res judicata in these circumstances. Under the Restatement, when facts form the basis of both a defense and a counterclaim (as broadly defined in the Restatement),[6] the original defendant's failure to allege these facts as a defense or a counterclaim in the initial action does not normally preclude him from relying on those facts in an action subsequently brought by him against the plaintiff. Restatement (Second) of Judgments § 22, Comment b (1980). However, the Restatement presents an exception to this rule when successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action. *Id.* § 22(2)(b); *Martino v. Mc-*

*Donald's System, Inc.*, 598 F.2d 1079, 1085 (7th Cir.), *cert. denied*, 444 U.S. 966, 100 S.Ct. 455, 62 L.Ed.2d 379 (1979); *see also Billingsley v. Seibels*, 556 F.2d 276 (5th Cir. 1977), *cert. denied*, 435 U.S. 929, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978) (affirming a district court decision which applied res judicata to bar a section 1983 suit based on a defense that was available in a state court suit to quiet title).

Lee was discharged from his position pursuant to the Board's order. The Board's order determined that there was just cause for Lee's discharge, and the state court upheld that determination and Lee's dismissal. In this suit Lee seeks not only lost wages but reinstatement. If he were successful in establishing that he was discharged based on his race, it would directly undermine the validity of the state decisions and the city's right to discharge Lee which the decisions established. Affording Lee yet another opportunity to attack the validity of his discharge would do nothing to serve the policies behind either res judicata or the civil rights statutes.

■ Of course, no decision may constitute res judicata or collateral estoppel if the party against whom it is asserted has not had a full and fair opportunity to litigate his claims. *Kremer v. Chemical Construction Corp.*, —— U.S. ——, ——, 102 S.Ct. 1883, 1897, 72 L.Ed.2d 262 (1982). The procedures and avenues of review available to Lee afforded him such an opportunity. Lee could have asserted in the hearing before

---

**5.** *Robert S. Abbott Publishing Co. v. Annunzio*, 414 Ill. 559, 112 N.E.2d 101 (1953), held that a statutory defense not presented in the administrative tribunal could not be raised for the first time on review. In *River Forest State Bank & Trust Co. v. Zoning Bd. of Appeals of Maywood*, 34 Ill.App.2d 412, 181 N.E.2d 1 (1976), the court held only that the constitutionality of the zoning ordinance in question could not be raised for the first time on review. We do not construe these cases as prohibiting appellate review of Lee's claim that the Board failed to give him an impartial hearing or adjudication.

**6.** This Title [Title C entitled "Counterclaims"] deals with the effect of a judgment

on a claim which the defendant has interposed, or has failed to interpose, against the plaintiff. The term "counterclaim" is here used to embrace any such claim, whether or not it arises out of the same transaction or occurrence as the plaintiff's claim and whether or not it is denominated by any other term. The term includes claims which could be asserted at common law by way of recoupment and claims which could be asserted under statutes allowing set-offs of mutual debts, as well as claims not falling within either of these categories.

Restatement (Second) of Judgments, Introductory Note § 21, at 180 (1980).

the Board that the charges were the product of racial discrimination. The charges had to be in writing, and no officer could be removed without cause and an opportunity to be heard in his own defense. The hearing must be fair and impartial and be commenced within thirty days of the filing of charges. The Board has the power to administer oaths and issue subpoenas for witnesses and document production. There is a right to administrative review before the state circuit court. Ill.Rev.Stat. ch. 24, § 10–2.1–17 (1977). Lee was able to bring his allegations of race discrimination and denial of due process by the Board's actions in that forum. He had a right of appeal from that court's decision as from any other circuit court decision, Ill.Rev.Stat. ch. 110, § 276 (1977), but he failed to pursue it. "A party's fail[ure] to avail himself of the full procedures provided by state law does not constitute a sign of their inadequacy." *Kremer v. Chemical Construction Corp.,* 102 S.Ct. at 1899. Under these circumstances, the appellant had a full and fair opportunity to litigate his claim of racial discrimination against the city and the Board. *Reich v. City of Freeport,* 527 F.2d 666, 671 (7th Cir. 1975).

We therefore hold that Lee's present suit is barred by the state proceedings as res judicata. Given this determination, we need not address the res judicata or collateral estoppel effect of the EEOC determination of no reasonable cause for Lee's EEOC charge.

AFFIRMED.