Roger B. WOZNIAK and Shirley M. Wozniak, Plaintiffs,

v.

COUNTY OF DU PAGE, a body politic, Du Page County Board of Supervisors, Du Page County Zoning and Planning Department, David L. Van Vleck, David Loveland, and Homer Branch, Defendants.

No. 82 C 6710.

United States District Court, N.D. Illinois, E.D.

Aug. 31, 1983.

Charles A. Boyle, Abraham Goldman, Chicago, Ill., for plaintiffs.

James R. Schirott, Schirott & Elsner, Itasca, Ill., for defendants.

## MEMORANDUM OPINION

BUA, District Judge.

This is a suit for damages resulting from the alleged denial of plaintiffs' due process

rights. Defendants and various unnamed individuals are charged with conspiring to deny plaintiffs a building permit for construction of their home. Although, as a result of a mandamus action brought and resolved in the Circuit Court of DuPage County, plaintiffs have, at this time, received the requested permit,[1] plaintiffs now sue for damages resulting from the initial denial of their request. Defendants have moved to dismiss on various grounds. That motion is granted in part and denied in part.

The facts may be summarized briefly. Plaintiffs bought a lot in DuPage County in an unincorporated area adjacent to the Village of Lombard. Prior to purchasing, plaintiffs allegedly were informed by the County Zoning Department that the property was appropriate for building, subject to routine approval of the specific plans. However, once plaintiffs purchased their property, their problems began. On August 31, 1979 plaintiffs' building plans were rejected because their lot was purportedly in a flood plain and/or wetland and therefore a foundation/construction permit could not issue. Various meetings occurred in September of 1979 between the plaintiffs and the individual defendants. Despite alleged assurances to the contrary, plaintiffs' permit ultimately was denied. This decision was the catalyst for plaintiffs' mandamus petition, in which it was claimed that the defendants' actions constituted an abuse of discretion. Plaintiffs prevailed, and a writ of mandamus issued. The Court made the following findings of fact, see n. 1, *supra* :

1) that the only reason for the denial of the plaintiff's excavation and fill permit was Mr. Branch's conclusion that the subject property was in the flood plain based upon maps, site inspections, and complaints from people in the area.

2) that the plaintiff's subject property is not within the flood plain as it is defined in the Zoning Ordinance J–1 (a) through (g).

3) that the plaintiffs exhausted their procedural administrative remedies by proceeding before the Planning, Building and Zoning committee on November 19, 1979.

That based upon the foregoing it is the Court's conclusion that the defendants have abused their discretion in not issuing the permit to the plaintiff and the writ of mandamus should issue to compel them to do so.

The crux of the instant action is plaintiffs charge that the defendants denied the permit as part of a conspiracy between defendants and certain unnamed individuals to deprive plaintiffs of the beneficial use of their land. The substance of the alleged conspiracy is primarily contained in paragraphs 19 through 24 of plaintiffs' federal complaint, which state the following:

19) Upon information and belief, during the period of August and September, 1979, while plaintiffs were filing and discussing their submissions with the defendants, defendants or their co-conspirators informed Lombard Village officials of plaintiffs' plans to build a home on the subject property.

20) Although plaintiffs' property was not then part of the Village of Lombard, Lombard officials had for several years prior thereto adopted long range plans to acquire additional land near Grace Street in order to extend it through to Roosevelt Road. Acquisition of part of plaintiffs' property was necessary and essential to carry out this plan.

21) Upon information and belief, after the DuPage officials informed the Lombard officials of plaintiffs' plans, certain as yet unknown Lombard officials told the defendants to take any action they could to prevent plaintiffs from building on the subject property or otherwise attempted to induce plaintiffs to deed, transfer or otherwise convey forty (40) feet of the subject property for use as a

1. *Roger B. Wozniak v. DuPage County Board of Supervisors, DuPage County Zoning and Planning Department and David Van Vleck,* 79 MR 437, (18th Judicial District, DuPage County, Illinois, March 20, 1980 (letter opinion)), *appeal dismissed,* No. 80–285, (Ill.App.Ct., 2d. Judicial District, August 5, 1980).

potential thorough fare even though Lombard had no present use for the land.

22) On October 5, 1979, defendant LOVELAND's [2] department recommended that a permit be denied on the basis that the lot would be "susceptible to flooding."

23) On November 2, 1979, plaintiffs filed a formal demand that a permit be issued, and on November 2, 1979, defendants VAN VLECK [3] and the DU PAGE COUNTY ZONING AND PLANNING DEPARTMENT issued a written denial.

24) During the month of October, 1979, Lombard Village officials attempted to acquire land along Grace Street, even though they admitted that the expansion of Grace Street was not needed for possibly another 17 to 70 years.

Appeals of the decision were rejected.

As has already been stated, defendants have filed a motion to dismiss claiming that 1) plaintiffs have not stated a claim under 42 U.S.C. § 1983, and 2) the suit is barred by res judicata.

### I. § 1983 Requirements

### A. Capacity to be Sued

As a preliminary matter, it must be determined whether plaintiffs may maintain their action against the DuPage County Board of Supervisors and the DuPage County Zoning and Planning Department. It is the Court's conclusion that they may not. Judge Marshall's reasoning in *Mayes v. Elrod,* 470 F.Supp. 1188, 1192 (N.D.Ill. 1979) is fully applicable here. The capacity of an Illinois governmental corporation sued in the Northern District of Illinois is governed by the state's laws. *Id.* No statutory or case law has been cited by the parties or located by the Court which would support a finding that either of the above-named entities may be sued. Furthermore, as Judge Marshall noted in *Mayes,* a judgment against either of these bodies would be subsumed under a judgment against the

County itself, as damages would be paid out of County funds. *Id.* Accordingly, the motions to dismiss the DuPage County Board of Supervisors and the DuPage County Zoning and Planning Department are granted. The motions of the individual defendants are denied.

### B. Deprivation of a Constitutional Right

Defendants next argue that, in addition to the entities discussed above, the County should be dismissed, because plaintiffs' allegations are insufficient to state a claim under 42 U.S.C. § 1983. Defendants assert that plaintiffs erroneously have attempted to sue the County under the doctrine of *respondeat superior.* Before this issue may be addressed, however, the Court must first determine whether plaintiffs' substantive claim states a cause of action for deprivation of constitutional rights, thus permitting plaintiff to sue under § 1983. The Court believes that it does.

Analysis must begin with the indisputable proposition that mere errors of state law do not constitute denials of due process. *Gryger v. Burke,* 334 U.S. 728, 731, 68 S.Ct. 1256, 1257, 92 L.Ed. 1683 (1948). Thus, if plaintiffs' claim were merely that defendants negligently or erroneously found the subject property to be in a flood plain, this Court would be compelled to grant defendants' motion to dismiss. *Hagee v. City of Evanston,* 530 F.Supp. 585 (N.D.Ill.1982). This would be the case even though plaintiffs could show that the zoning decision had been reversed by a state court, *id.* at 587. Here, however, plaintiffs' claim presents this Court not with a mere reversal of the County board's decision, but with an explicit finding that the board's decision constituted an abuse of discretion.

Although a claim that a denial of a zoning variance or other zoning adjustment deprived a plaintiff of due process of law ordinarily will fail to present a substantial federal question, when the action or

---

**2.** Defendant Loveland was, at all times pertinent to the complaint, Superintendent of the DuPage County Department of Public Works.

**3.** Defendant Van Vleck was, at all times pertinent to the complaint, Zoning Administrator of the Department of Planning and Zoning of the County of DuPage.

inaction can be described as "arbitrary and capricious," that is, lacking "substantial relation to the public ... welfare" ..., a violation of the Fourteenth Amendment's guarantee of due process occurs. (citations omitted)

*Sixth Camden Corporation v. Township of Evesham County of Burlington,* 420 F.Supp. 709, 722–723 (D.N.J.1976), *quoting Village of Euclid v. Ambler Realty Co.,* 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303 (1926); *see also Sternaman v. County of McHenry,* 454 F.Supp. 240 (N.D.Ill.1978). Under the above test, it is conceivable that if the Wozniaks were successful in proving that the flood plain decision was a sham, was in violation of applicable standards and appropriate guidelines, and was made only to improperly preserve the land for another purchaser, their federal claim could proceed to judgment.

### C. *Monell*

The final question regarding the sufficiency of the § 1983 claim is whether plaintiffs have alleged the required degree of official involvement under *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The Court finds that they have.

■ Defendants argue that plaintiffs' theory of liability against the County is based merely on the doctrine of *respondeat superior.* If this were the case, it would be fatal to the § 1983 claim. *Id.* at 691–694, 98 S.Ct. at 2036–37. Defendants' characterization of plaintiffs' claim is untenable, however. As the complaint clearly indicates, plaintiffs' allegation is that the County, acting through its Board of Supervisors and its Zoning and Planning Department arbitrarily and capriciously employed official administrative channels to deprive plaintiffs of a permit to which they were otherwise entitled. The decision that plaintiffs' property was located in a flood plain was an official pronouncement. If plaintiffs' allegations are true, it was also a sham. This Court finds that the complaint falls squarely within the requirements es-

tablished in *Monell.* As the Supreme Court stated,

Local governing bodies, therefore, can be sued directly for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or *executes* a policy statement, ordinance, regulation or *decision officially adopted* and promulgated by that body's officers.

*Monell,* 436 U.S. at 690, 98 S.Ct. at 2035–36 (emphasis added).

Although it is true that in *Monell* the claim involved an allegedly unconstitutional official regulation, rather than unconstitutional *application* of a valid statute, this difference is irrelevant. Both claims can rise to constitutional proportions. *Cf. Cox v. Louisiana,* 379 U.S. 536, 555–557, 85 S.Ct. 453, 464–65, 13 L.Ed.2d 471 (1965). If plaintiffs are able to prove that defendants' actions deprived them of their rights in an arbitrary and capricious manner, their constitutional claim for damages will lie.

For all of the foregoing reasons, the Court holds that plaintiffs' complaint states a § 1983 claim against both DuPage County and the individual defendants.

### II. *Res Judicata and Collateral Estoppel*

Despite this Court's finding that plaintiffs state a claim under § 1983, there remains the question of whether this action is barred by principles of res judicata. This Court finds that it is not; however, those factual determinations made by the state court will be given collateral estoppel effect.

Stating the law of res judicata is a simple matter; applying that law to the facts of an individual case is far more difficult. Nevertheless, analysis must begin with a brief overview of the applicable principles.

The basic elements of res judicata are as follows. "[T]here must have been a previous, final judgment on the merits by a court of competent jurisdiction, involving the same causes of action between the same parties or their privies." *Church of New Song v. Establishment of Religion,* 620 F.2d 648 (7th Cir.1980). "Res judicata bars not

only those issues which were actually decided in the prior action, but also any issues which could have been raised." *Lee v. City of Peoria,* 685 F.2d 196, 198 (7th Cir.1982). Additionally, with specific regard to this case, traditional res judicata principles generally apply to civil rights actions as well as cases which involve no such issues. *Id.; Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1981); *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 481–82, n. 22, 102 S.Ct. 1883, 1897–98, n. 22, 72 L.Ed.2d 262 (1982). And finally, a "cause of action," the central phrase on which a determination of preclusive effect turns, encompasses,

> [A] simple core of operative facts which give the plaintiff a right to seek redress for the wrong concerned. Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a simple cause of action. If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different causes of action, and res judicata bars the latter action.

*Lee v. City of Peoria,* 685 F.2d at 200, quoting *Morris v. Union Oil of California,* 96 Ill.App.3d 148, 51 Ill.Dec. 770, 777, 421 N.E.2d 278, 285 (1981).

Although the above statement of the law is necessary, it in no way renders obvious the ultimate disposition of this case. Rather various facts unique to this case guide the Court's decision.

■ It is true that plaintiffs' federal and state claims arise from the same underlying event—the denial of their building permit. Yet, there is no indication that any evidence regarding the "core" of the federal suit, namely the alleged "conspiracy" between DuPage County and Lombard officials, was brought before the state court. In fact, it is reasonable to assume that no such facts, to the extent they exist, were available to the plaintiffs at the time they brought their state court action. Thus the evidence presented before the state court is quite different from that which will have to be presented in this court.

Furthermore, the legal theories in the two proceedings are obviously distinct, and contemplate significant differences in proof. The state court action, as has been stated, was a mandamus proceeding in which the evidence presumably concerned the nature of the administrative decision (mandatory versus discretionary) and the appropriateness or inappropriateness of the officials' exercise of their statutory duties. Here, although some factual overlap will no doubt occur, plaintiffs must prove the existence of a conspiracy to deprive them of their constitutional rights, a theory which is significantly different from the one previously tried. This factor distinguishes this case from that presented to the court in *Lee,* 685 F.2d 196. In that suit, the state *and* federal actions both involved charges of racial discrimination, and were distinguished merely by the laws which entitled plaintiff to sue. *Id.* at 201.

Finally, one last factor singles out this suit and supports a refusal to give res judicata effect to plaintiffs' earlier suit. In most cases where the defense of res judicata is asserted, the party doing so successfully has defended the earlier suit. There are solid policy reasons for protecting a victorious defendant from repeatedly being hauled into court to answer to plaintiffs' successive bites at a single apple. Here, however, the equities fall less clearly on the defendants' side. The individuals named in the instant suit have been determined by a court of competent jurisdiction to have abused their discretion in denying plaintiffs' building permit. Plaintiffs thus take their "second bite" from a far more favorable posture than the litigant who is unable to accept the fact of his initial loss.

■ Despite the foregoing, the specific factual findings made by the state court in the context of the mandamus action properly should be given collateral estoppel effect in this court. The identity of parties in the two actions and the existence on the part of the defendants of an opportunity fully and fairly to defend themselves in the state

court, require a finding of collateral estoppel.

### III. *Conclusion*

In sum:

(1) The motions to dismiss the DuPage County Board of Supervisors and the DuPage County Zoning and Planning Department are granted.

(2) All other defendants' motions to dismiss are denied.

(3) Collateral estoppel effect will be given to the state court's factual findings.

IT IS SO ORDERED.