Robert K. SMITH, Plaintiff,

v.

Samuel W. NOLAN, Robert A. Novelle, and E. James Garbutt, Philip T. Hardiman, Lt. D. Warren, Sgt. James Anderson, Sgt. Carlos Bustos, Defendants.

No. 86 C 2203.

United States District Court, N.D. Illinois, E.D.

Dec. 1, 1986.

Thomas C. Crooks, Chicago, Ill., for plaintiff.

Richard M. Daley, State's Atty., Cook County by Fran Norek, Asst. State's Atty., Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Before this court is defendants' motion for summary judgment. Plaintiff's § 1983 claim is based upon a constitutional violation of plaintiff's due process rights. For the reasons stated herein, this court denies defendants' motion for summary judgment.

## FACTS

Plaintiff is employed as a correctional officer by the Cook County Department of Corrections. On June 18, 1985, plaintiff was assigned to guard a prisoner; that prisoner escaped. On June 24, 1985, plaintiff was charged as a result of the prisoner's escape with violating four rules established by the Department of Corrections. On July 3, 1985 an "Appeal Hearing" was conducted by three defendants to consider the charges against defendant. Plaintiff was never informed of the results of the "Appeal Hearing."

On August 7, 1985, the Cook County Sheriff filed a complaint against plaintiff with the Cook County Sheriff's Merit Board ("Merit Board"). That complaint charged plaintiff with violating several rules of the Cook County Department of Corrections.

On August 21, 1985, one of the defendants suspended plaintiff for 29 days or until the charges against him could be adjudicated by the Merit Board. On March 6, 1986, the Merit Board sustained all charges against plaintiff and suspended plaintiff for a period of 180 days.

## DISCUSSION

The fundamental issue before this court is whether the administrative res judicata doctrine precludes plaintiff from litigating his constitutional claim in federal court because that claim was resolved, or could have been resolved, by the Cook County Sheriff's Merit Board.

The United States Court of Appeals for the Seventh Circuit has addressed the issue of whether the administrative res judicata doctrine precludes relitigation in federal court of those claims, or potential claims, resolved by an agency after an administrative hearing. *Buckhalter v. Pepsi-Cola General Bottlers, Inc.,* 768 F.2d 842 (7th Cir.1985). In *Buckhalter,* the plaintiff was terminated from employment. Plaintiff initiated grievance proceedings with his union. Next, plaintiff filed a claim with the Illinois Fair Employment Practices Commission (IFEPC) alleging he was discharged due to his race. The IFEPC found plaintiff's race discrimination claim without foundation. Unsatisfied, plaintiff brought a race discrimination claim in federal court seeking judicial relief from his allegedly improper employment discharge. The trial judge dismissed plaintiff's claim. The Seventh Circuit affirmed the trial judge and held that the administrative res judicata

doctrine can be applied in federal court to bar relitigation of those claims addressed by an administrative agency. The court reasoned that the IFEPC previously addressed and resolved plaintiff's race discrimination claim, and the Seventh Circuit concluded that the identical claim should not be relitigated.

The administrative res judicata doctrine, however, does not apply to all decisions rendered by an agency. The doctrine is properly applied to decisions of an administrative agency only when three requirements have been satisfied. First, the agency rendering the decision must have been acting in a judicial capacity when it conducted the hearing. *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 485 n. 26, 102 S.Ct. 1883, 1899 n. 26, 72 L.Ed.2d 262 (1982). Second, the party against whom the doctrine is being applied must have had a full and fair opportunity to litigate his case during an administrative hearing. *Buckhalter v. Pepsi-Cola General Bottlers, Inc.*, 768 F.2d 842, 852 (7th Cir.1985). Finally, the traditional principles of res judicata must apply. *Id.*

In the instant case, neither party disputes the existence of the first two requirements. Both parties accept that the Merit Board acted in a judicial capacity when it conducted the hearing. Similarly, both parties accept that plaintiff had a full and fair opportunity to litigate his case during the administrative hearing.

A dispute arises regarding the existence of the third requirement. The defendants argue that the administrative res judicata doctrine should be applied by this court to preclude plaintiff from proceeding with his claims in federal court. In support, defendants focus on the third requirement and assert that the traditional principles of res judicata apply to plaintiff's federal claims. In sharp contrast, plaintiff asserts that the traditional principles of res judicata do not apply to his federal claims because his federal claims involve different parties and causes of action than those parties and causes of action involved in the claim before the Merit Board.

It is appropriate at this juncture for this court to set forth the rules and requirements for a proper application of the traditional res judicata doctrine. The doctrine provides that a final judgment on the merits in a court of competent jurisdiction bars the same parties or their privies from relitigating the issues previously raised in the prior action. *Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir.1982). This doctrine also bars the same parties or their privies from litigating all other issues which could have been raised in the prior action. *Id.*

Three requirements must be satisfied before a court will apply the traditional res judicata doctrine. This doctrine applies when there is (1) a final judgment on the merits in an earlier action; (2) an identity of parties or their privies in both the earlier and later suit; and (3) an identity of the cause of action in the two suits. *Buckhalter v. Pepsi-Cola General Bottlers, Inc.*, 768 F.2d 842, 852 (7th Cir.1985) *citing Lee v. City of Peoria*, 685 F.2d 196, 199 (7th Cir.1982).

The satisfaction of the above requirements will be discussed separately. The absence of any one of the three res judicata requirements would result in the inapplicability of the administrative res judicata doctrine. Such a result would allow the plaintiff to litigate his constitutional claims before this federal court.

### I. *Final Judgment*

■ The satisfaction of this res judicata element is undisputed. However, this court is duty bound to note that plaintiff chose not to appeal the Merit Board's decision. Plaintiff could have prevailed upon the Illinois court system to obtain judicial review of the Merit Board's decision. *See,* e.g., Ill.Rev.Stat. ch. 110 ¶ 3–101 et seq. The Administrative Review Act requires the Illinois Circuit Court of Cook County to determine whether the Merit Board's findings were contrary to the manifest weight of the evidence presented. *See,* e.g., Ill. Rev.Stat. ch. 68 ¶ 8–111(A)(2). Judicial review of administrative proceedings is available to assure that a claimant is not denied any of the procedural rights to which the

claimant was entitled, and that the agency's determination was not arbitrary or capricious.

The mere fact that plaintiff failed to appeal the Merit Board's decision to the Circuit Court of Cook County does not affect the finality of the Merit Board's decision. It is well settled that the res judicata doctrine applies to an adverse decision from which no appeal has been taken and bars any future action on the same claim. *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n. 4, 101 S.Ct. 2424, 2428 n. 4, 69 L.Ed.2d 103 (1981).

## II. *Identity of the Parties*

■ The traditional doctrine of res judicata is applicable only when the second lawsuit is between persons who were parties, or who are in privity with persons who were parties, in the first lawsuit. In the instant suit, several defendants were not named-parties in the original suit. Thus, the question of whether res judicata bars plaintiff's federal claim depends upon the definition of privity.

Historically, a person who was in privity with a party was one who acquired an interest in the subject matter of the suit after it had been brought. In addition, any person who actually controlled the first suit would be found to be in privity with the named-parties in that suit. The modern trend is to expand the scope of res judicata to bind persons whose interests are so wedded to those of existing parties that it would be a waste of judicial effort to allow a second action simply because those persons were not named in the first suit.

The precise issue this court must resolve is whether the Cook County Sheriff, who brought the Merit Board's complaint against plaintiff Smith, was in privity with the defendants named in plaintiff's federal claim.

Defendants in this federal action argue that they were in privity with the Sheriff who participated in the Merit Board proceeding. Defendants contend that they were in privity with the Sheriff because defendants were all sued in their capacity as officials or employees of the Cook County Sheriff's office.

The United States Court of Appeals for the Seventh Circuit was confronted by a similar problem in *Lee v. City of Peoria,* 685 F.2d 196 (7th Cir.1982). In *Lee,* a hearing was held before the Board of Fire and Police Commissioners (Board) to consider the charge filed by the Superintendent of Police. The Superintendent charged that Lee had willfully given false testimony before the Board on a prior occasion. The Board discharged Lee. Lee filed a complaint for administrative review of the Board's decision in the Illinois Circuit Court. In his complaint, Lee claimed that his discharge resulted from racial discrimination on the part of the Board. The Circuit Court rejected Lee's complaint by holding that the decision of the Board was sustained by the greater weight of the evidence. Unsatisfied, Lee brought a race discrimination claim in federal court. There, the district court dismissed Lee's claim. On appeal, the Seventh Circuit affirmed the dismissal and held that Lee's federal claim is barred by administrative res judicata.

The relevant facts before the *Lee* court are analogous to the facts before this court. First, in *Lee,* the initial suit was not initiated by Lee. Instead, the Superintendent of Police filed a complaint against Lee with the Board of Fire and Police Commissioners. Similarly, in the instant case, plaintiff's initial suit was not initiated by plaintiff; instead, the Sheriff filed a complaint against plaintiff with the Merit Board. Second, both Lee and the instant plaintiff were penalized by their respective Board. Third, in *Lee,* Lee filed a federal claim against the Board members and City employees alleging the Board discriminated against Lee because of his race when the Board terminated Lee. Similarly, the instant plaintiff filed a federal claim alleging the Merit Board's decision not to terminate plaintiff's suspension violated plaintiff's constitutional rights.

Since the two cases are factually analogous, this court is duty bound to adopt the

rationale and apply the holding of the Seventh Circuit in *Lee.* The *Lee* court held that the federal defendants were in privity with the charging party who initiated the complaint before the Board. Consequently, this court holds that the federal defendants before this court are also in privity with the Sheriff who initiated the complaint against plaintiff before the Merit Board. Accordingly, this court believes an identity of parties or their privies exists in both the earlier suit before the Merit Board and later federal suit.

### III. *Identity of the Cause of Action*

■ The final and most difficult issue before this court is whether plaintiff's federal suit and the action before the Merit Board represents the same cause of action for res judicata purposes.

The standard test for determining whether there is only one cause of action in both suits is well established. This test was espoused by the Illinois Appellate Court in *Morris v. Union Oil Co. of California,* 96 Ill.App.3d 148, 157, 51 Ill.Dec. 770, 777, 421 N.E.2d 278, 285 (1981). In *Morris,* the court stated that

> [A] cause of action consists of a single core of operative facts which give the plaintiff a right to seek redress for the wrong concerned. Even though one group of facts may give rise to different claims for relief upon different theories of recovery, there remains a single cause of action. If the same facts are essential to the maintenance of both proceedings or the same evidence is needed to sustain both, then there is identity between the allegedly different causes of action asserted, and res judicata bars the latter section.

Defendants argue that the same cause of action confronted both the Merit Board and this federal court. Defendants contend that the cause of action is based upon the propriety of the disciplinary sanctions imposed on plaintiff. Defendants suggest that the only difference in the two claims is that plaintiff brings the claim in federal court; whereas, plaintiff was originally a defendant before the Merit Board and was required to initiate the issue regarding the propriety of the disciplinary sanctions as a potential defense during the hearing before the Merit Board.

In contrast, plaintiff argues that res judicata does not apply because the § 1983 action before this court concerns issues which were not addressed and could not have been addressed by the Merit Board. Plaintiff frames the issue before the Merit Board as what disciplinary action should have been taken against plaintiff. In plaintiff's federal claim, however, plaintiff believes his complaint consists of two issues that are dissimilar to the matter that had been before the Merit Board. The first issue before this court is whether plaintiff's due process rights were violated when he was suspended prior to the Merit Board hearing on August 21, 1985. The second issue centers on whether defendants ordered plaintiff to serve a 180–day suspension in order to defeat plaintiff's claim for back pay.

This court rules that the due process issue in plaintiff's federal claim was raised by plaintiff at the Merit Board hearing, but was not resolved by the Merit Board. Plaintiff was suspended prior to the Merit Board hearing. On October 7, 1985, plaintiff requested that the Merit Board terminate the suspension and permit plaintiff to return to work until the Merit Board proceedings were completed. The Merit Board refused to consider plaintiff's suspension termination request. The Merit Board's hearing officer responded to plaintiff's attempt to remove the suspension by saying that

> [I]f there was a violation under *Loudermill* (pretermination hearing), then you are going to be clearly successful in any civil action or civil recourse you seek on behalf of your client. It is not before the Board here.
>
> My only function is if he has been afforded a *Loudermill* hearing. The adequacy I am not going to go into. I do know the procedures are in place to comply with *Loudermill.* If they violate the procedures, there is going to be another reme-

dy for that and you are going to be entitled to all your back pay. (Transcript, October 7, 1985, p. 6).

This court believes that the response made by the Merit Board's hearing officer clearly demonstrates that the basis of plaintiff's federal due process claim was raised at the Merit Board hearing but was not resolved by the Merit Board. In fact, the Merit Board declined to render a decision on the appropriateness of plaintiff's suspension during the Merit Board hearing. Consequently, plaintiff's federal due process claim does not present a relitigation of the same cause of action decided by the Merit Board. Accordingly, the res judicata doctrine does not preclude plaintiff from bringing his due process claim in federal court.

■ Finally, this court must decide whether plaintiff's second federal claim has already been considered by the Merit Board. The second cause of action claims that the Merit Board suspended plaintiff for 180 days in order to defeat plaintiff's claim for back pay. This cause of action could not have been raised before the Merit Board because the claim did not arise until the Merit Board rendered its decision. Plaintiff was not required to anticipate the Merit Board's allegedly impermissible future conduct. This court will not require a defendant before the Merit Board to seek out and submit evidence to the Merit Board to prove that the Merit Board's future decision will violate plaintiff's rights. Consequently, plaintiff's second federal claim does not present the same cause of action for res judicata purposes as any potential claim, or defense, that had been before the Merit Board. Accordingly, the res judicata doctrine does not preclude plaintiff from bringing his second claim in federal court.

## CONCLUSION

Defendants' motion for summary judgment is denied. The administrative res judicata doctrine does not preclude plaintiff from litigating his claims in federal court. The administrative res judicata doctrine is inapplicable to the instant case because one of its three requirements has not been satisfied. Defendants failed to show that the traditional principles of res judicata apply.

IT IS SO ORDERED.