**ST. GEORGE'S SCHOOL OF MEDICINE, an educational institution chartered by the Government of Grenada, and John Morley, M.D. and Oleh Terleckyj on their own behalf and on behalf of all others similarly situated, Plaintiffs,**

v.

**DEPARTMENT OF REGISTRATION AND EDUCATION OF the STATE OF ILLINOIS; Gary L. Clayton; David S. Fox, M.D.; Paul Tullio, D.C.; Robert A. Behmer, M.D.; Larry S. Patton, D.O.; Lawrence L. Hirsch, M.D.; Robert A. Johnson, M.D.; and Warren Staley, M.D., Defendants.**

No. 85 C 7912.

United States District Court, N.D. Illinois, E.D.

July 30, 1986.

---

Algis K. Augustine, Augustine & Kern, Ltd., Chicago, Ill., Bernard Joseph Ferguson, Bayside, N.Y., for plaintiffs.

John Lynch, Dept. of Registration & Educ., Springfield, Ill., Neil Hartigan, Atty. Gen. of Illinois, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DUFF, District Judge.

Plaintiff St. George's School of Medicine ("St. George's"), is a foreign medical school, and the individual plaintiffs are graduates of St. George's. They sue, under 42 U.S.C. § 1983 and federal antitrust law, the Department of Registration and Education of the State of Illinois ("Department"), its Director Gary L. Clayton and the individual members of the Medical Practice Examining Committee ("Committee") for refusing a medical license to graduates of St. George's.

Defendants invoke the abstention doctrine and argue that this court should not interfere with the state's procedure for licensing medical doctors and regulating public health. In the alternative, defendants move to dismiss the amended complaint on the grounds that plaintiffs do not have a cause of action under federal anti-trust or civil rights law. The court agrees that it should refrain from interfering with the state licensing procedure. The court will, however, consider the merits of plaintiffs' antitrust claim, over which the federal courts have exclusive jurisdiction.

## FACTS AND BACKGROUND

To obtain a license to practice medicine in Illinois, the Medical Practice Act ("Act") requires graduation from a medical school which is "reputable and in good standing in the judgment of the department", 111 Ill. Rev.Stat. ¶ 4411. It is alleged in the amended complaint that prior to 1980, the department automatically approved foreign medical schools listed in the World Directory of Medical Schools published by the World Health Organization. St. George's is listed in this directory.

In 1980, the department changed its procedure and began to apply a department rule that permitted accreditation of medical schools having the same curriculum as the University of Illinois. After comparing St. George's to the University of Illinois, the department found St. George's unqualified and refused to grant a medical license to its graduates.

St. George's brought suit in the Circuit Court of Sangamon County, Illinois, challenging the department's action. The circuit court found that the department rule, which made the University of Illinois the yardstick by which all medical schools were to be measured, was unconstitutional as it was an unlawful delegation of authority by the department.

In an unpublished opinion, the Illinois appellate court agreed, and remanded the case to the department with instructions to evaluate St. George's under a "valid rule". *St. George's University School of Medicine v. Department of Registration and Education* (4th Dist.1982). 102 Ill.App.3d 1208, 61 Ill.Dec. 611, 434 N.E.2d 1208. Following the appeal, the circuit court entered an order remanding the matter to the department and retaining jurisdiction over the case

"until thirty five days after the entry of a final decision by the defendants in the hearing mandated by this order in the event that further review is sought of defendants' final decision to be rendered hereafter."

Pursuant to the court's instructions, the department established a new rule which sets forth in detail the criteria to be used in determining whether a medical school is reputable and in good standing. It is alleged in the amended complaint that in 1983, St. George's submitted to review under the new rule. In June, 1984, the Committee voted not to approve St. George's and to continue to deny St. George's graduates a medical license. Clayton, on behalf of the department, accepted the Committee's recommendation.

According to the amended complaint, in September 1984, St. George's asked Clayton to reopen the case, which he did, sending the matter back to the committee for reconsideration. Plaintiffs filed their original complaint in this action in September 1985.[1]

## DISCUSSION

█ The authority to license medical doctors belongs to the state, and a state court may consider the constitutionality of a state agency's conduct in the exercise of that power. The federal courts have exclusive jurisdiction over claims arising under federal antitrust law. *Kurek v. Pleasure Driveway and Park District of Peoria, Illinois,* 583 F.2d 379 (7th Cir.1979), *cert. denied,* 439 U.S. 1090, 99 S.Ct. 873, 59 L.Ed.2d 57. This court will therefore consider the merits of plaintiffs' antitrust claim and allow the state court to consider the legality of defendants' decision to deny a medical license to the graduates of St. George's.

█ Plaintiffs' antitrust claim must fall because the defendants' state action is exempt from antitrust regulation. Where a state actor functions pursuant to a "clearly articulated and affirmatively expressed state policy" and his conduct is subject to supervision by the state legislature or the state supreme court, it is exempt from antitrust law. *Hoover v. Ronwin,* 466 U.S. 558, 569, 104 S.Ct. 1989, 1995, 80 L.Ed.2d 590 (1984).

█ In reviewing St. George's qualifications, defendants were acting under a clearly articulated legislative mandate to determine whether a medical school is reputable and in good standing. The state legislature, through the enactment and amendment of the Medical Practice Act, supervises the conduct of these defendants; and, the Illinois courts supervise the defendants through administrative review. The conduct of the defendants is therefore within the state-action exemption to antitrust regulation and plaintiffs' antitrust case is therefore dismissed.

█ The court abstains from deciding the merits of plaintiffs' remaining claims. There are four situations in which a federal district court should refrain from interfering with state regulation: (1) where a state court decision on an ambiguous issue of state law would make the constitutional ruling sought in the federal case unnecessary, *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); (2) where a federal court's ruling would interfere with a complex state regulatory system, *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); (3) where the federal case presents an issue of vital concern to the state which is pending before the state court, *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* — U.S. ——, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986); and, (4) where there is a need for unified proceedings and the state and federal courts have concurrent jurisdiction, *Colorado River Water Conservation District*

---

1. On July 24, 1986, plaintiffs filed a motion for a temporary restraining order which indicates that on June 18, 1986, Clayton again accepted the Committee's recommendation to deny ac-creditation to St. George's. This ruling makes it unnecessary for the court to consider that motion.

*v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

■ The concern for preserving harmony between state and federal courts in each of the abstention cases also requires abstention here. There are many unresolved issues of state law presented by plaintiffs' claim which should be considered by the state before a federal court interferes. The refusal to issue a license to graduates of St. George's may violate the department's new rule for the evaluation of medical schools, which in turn may be invalid when considered under the Medical Practice Act, 111 Ill.Rev.Stat. ¶ 4401 *et seq.* The individual defendants may have also violated the department's rules and/or the Medical Practice Act in their review of St. George's. An Illinois court's ruling on these issues might obviate the need to decide the constitutional issues.

■ More importantly, the licensing of medical doctors is a vital state concern and St. George's has already invoked the jurisdiction of the state court. Regulation of the medical professions has historically been left to the states, *Rios v. Jones,* 63 Ill.2d 488, 348 N.E.2d 825 (1976); *Williams v. St. Joseph Hospital,* 629 F.2d 448 (7th Cir.1980), and Illinois has an elaborate system in place to serve this function. This court should not interfere with that system, particularly when asked to do so by one who has already invoked the jurisdiction of the state court. It would be an abuse of our federal system for this court to consider a case raising peculiarly state issues especially when that case is presently before a state court. See also *Levy v. Lewis,* 635 F.2d 960 (2d Cir.1980).

■ Abstention in this case does not require the court to retain jurisdiction over the matter pending resolution by the state court. While *Pullman* abstention requires the district court to retain jurisdiction pending state court resolution of state issues, when a district court abstains to avoid interfering with a pending state proceeding or a complex state regulatory system, dismissal is appropriate.

■ In deciding whether to dismiss or to stay federal litigation, a court should look beyond the label for the applicable category of abstention. The court should consider what is appropriate under the circumstances of the case, keeping in mind that "[a]ll the doctrines of abstention have a common underlying purpose: to ensure the proper relationship between the state and the federal judiciary." *Williams v. Red Bank Board of Education,* 662 F.2d 1008, 1023, n. 15 (3d Cir.1981).

■ The circumstances of this case warrant dismissal since the issues here should be fully litigated in state court and the judgment of the state court will preclude a federal court from further review. A state court judgment has the same preclusive effect in a § 1983 action brought in federal court as it would have in a state court action. *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 85, 104 S.Ct. 892, 898, 79 L.Ed.2d 56 (1984); *Lee v. City of Peoria,* 685 F.2d 196, 198 (7th Cir.1982). The effect of the judgment in the Sangamon County litigation will bar the same parties from relitigating, in another Illinois case, issues which were raised or which could have been raised in the Sangamon County case. *Morris v. Union Oil Co. of California,* 96 Ill.App. 3d 148, 51 Ill.Dec. 770, 421 N.E.2d 278 (5th Dist.1981). The district court will be similarly precluded from deciding those issues.

For these reasons, defendants' motion to dismiss is granted.

IT IS SO ORDERED.