ILLINOIS NURSES ASSOCIATION, Petitioner-Appellant, v. THE STATE
LABOR RELATIONS BOARD *et al.*, Respondents-Appellees.

First District (5th Division)   No. 85—3458

Opinion filed June 5, 1987.

Sally A. Stix, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones
Stewart, Solicitor General, and Imelda R. Terrazino, Assistant Attorney
General, of Chicago, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

Petitioner, the Illinois Nurses Association (INA), appeals from the
order of respondent, the Illinois State Labor Relations Board (the
Board), dismissing INA's unfair labor practice charge for lack of juris-
diction.

We remand this cause for further proceedings pursuant to section
3—111(7) of the Administrative Review Law (Ill. Rev. Stat. 1985, ch.
110, par. 3—111(7)).

INA is a labor organization serving as the exclusive representative of certain classifications of registered professional nurses employed by the State of Illinois at numerous State-owned facilities, including the Shawnee Correctional Center. On March 29, 1985, Shawnee's warden signed a contract, effective April 4, 1985, with Correctional Medical Systems, Incorporated (CMS), in which CMS agreed to provide health care services at Shawnee.

On June 24, 1985, INA filed an unfair labor practice charge with the Board against the Illinois Department of Corrections (DOC) alleging that DOC had refused to bargain with INA concerning wages and other work conditions for certain workers at Shawnee despite a collective bargaining agreement between the State and INA as to these employees. In the charge INA referred to these employees as "State of Illinois bargaining unit employees employed at Shawnee Correctional Center which the State of Illinois, Department of Corrections claims to be working for a sub-contractor but which is really a joint-employer with the State of Illinois."

Section 7 of the Illinois Public Labor Relations Act (the Act) (Ill. Rev. Stat. 1985, ch. 48, par. 1607) imposes a duty of collective bargaining upon public employers. Section 3(o) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 1603(o)) defines public employers as including the State, political subdivisions of the State, units of local governments, agencies of those entities, "and any person acting within the scope of his or her authority, express or implied, on behalf of such entities in dealing with its employees." The term "person" is defined in the Act as including associations and corporations. Ill. Rev. Stat. 1985, ch. 48, par. 1603(l).

The Board's chief administrator reviewed INA's charge, as well as certain INA supporting documents, including the contract between Shawnee and CMS and a position paper prepared by INA. The administrator held that even if the State and CMS, a private employer, were found to be joint employers, the Board would not have jurisdiction because "[t]he jurisdiction of the Board is limited to public employers and public employees." The dismissal order did not discuss whether CMS was acting on behalf of the State with respect to the affected employees. On appeal to the entire Board INA contended that the administrator should have found jurisdiction because CMS was acting on behalf of the State in providing nursing services at Shawnee. However, the Board upheld the dismissal, finding that INA had presented no evidence to support its "further contention that CMS was acting as the agent of the State." Subsequently the Board denied INA's request for reconsideration, finding that INA had failed

to raise the agency theory or to present evidence thereon during the administrator's investigation. INA was informed by the Board that should it wish to advance this theory it should file a new charge.

■ Direct appeal was then taken to this court, pursuant to section 11(e) of the Act, which states in pertinent part:

"A charging party or any person aggrieved by a final order of the Board *** may *** obtain judicial review *** in accordance with the provisions of the Administrative Review Law *** except that such judicial review shall be afforded directly in the appellate court ***." (Ill. Rev. Stat. 1985, ch. 48, par. 1611(e).)

In this court the Board again contends that the issue of whether CMS is a public employer, by virtue of its agency for the State, was not properly raised before the administrator below and therefore is not properly before us.

Clearly the administrator never addressed this issue, but it is also clear that INA did raise the issue before the administrator. The Board concedes that during the administrator's investigation INA gave him a copy of the CMS contract and an INA position paper. In that paper INA contended that CMS's employees were also employees of the State. INA further contended that CMS was in effect acting as an employment agency for DOC and that control of the terms and conditions of employment of CMS employees remained primarily with DOC. As evidence of these assertions INA cited to various provisions of the CMS contract, which was also before the administrator.

Given these contentions and this evidence, all of which was presented to the administrator, we find that INA did raise in a timely fashion this contention that CMS, by virtue of its agency status with the State, was a public employer. However, as we have noted, this issue was not addressed by the administrator or by the Board. Consequently we have no factual findings to review.

■ Pursuant to statutory authority this cause is before us, rather than the circuit court, on direct review from the administrative agency. (Ill. Rev. Stat. 1985, ch. 48, par. 1611(e).) That same statute also provides that in all other respects our judicial review is to be in accordance with the Administrative Review Law. Section 3—111(7) of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—111(7)) permits the court to remand administrative review matters for the taking of additional evidence when such an action is just. Accordingly, pursuant to that statutory authority we vacate the order of dismissal entered by the Board and remand this cause to the administrator for further evidentiary proceedings pertaining to the determination of the jurisdiction of the Board to hear this cause.

844

The order of the Board is vacated and this cause is remanded for further proceedings.

Vacated and remanded with directions.

SULLIVAN, P.J., and PINCHAM, J., concur.