AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO; and Candice Crooks, Plaintiffs,

v.

Michael TRISTANO, the Director of the Illinois Department of Central Management Services; and Michael Lane, the Director of the Illinois Department of Corrections, Defendants.

No. 88 C 4432.

United States District Court, N.D. Illinois, E.D.

Sept. 27, 1988.

Stephen A. Yokich, Cornfield & Feldman, Chicago, Ill., for plaintiffs.

Marita C. Sullivan, Asst. Atty. Gen., Chicago, Ill., for defendants.

BRIAN BARNETT DUFF, District Judge.

On March 21, 1987, the Illinois Department of Corrections promulgated a Drug Abuse Program. It contained, as is the rage these days, provisions for urine tests. The union representing the Department's employees, the American Federation of State, County, and Municipal Employees, AFL–CIO ("AFSCME"), responded to the testing program by attacking it on three fronts. It first pursued grievances as permitted under its collective bargaining agreement with the Department. Next it filed unfair labor practice charges with the Illinois State Labor Relations Board ("ISLRB"). While these actions were pending, AFSCME made its third move and filed suit in this court, bringing various claims under 42 U.S.C. § 1983 (1982).

The Department has moved for dismissal of AFSCME's complaint here. It argues that this court should abstain along the lines suggested in *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). In *Pennzoil*, Texaco asked a federal district court to enjoin proceedings in Texas, arguing that various Texas procedures violated Texaco's federal rights. While the federal Anti–Injunction Act, 28 U.S.C. § 2283, usually prevents the federal courts from enjoining state proceedings, Texaco sought its injunction under § 1983, which is an exception to the Act. See *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972).

Despite this, the *Pennzoil* Court ruled that the federal court should have abstained. It first noted that courts of equity should not act when the moving party has an adequate remedy at law. Second, it quoted at length from *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its description of federal/state comity. Last, the Court pointed out that by abstaining, the federal court could avoid having to make an "unwarranted determination of federal constitutional questions." *Pennzoil*, 107 S.Ct. at 1525–26.

This court finds persuasive reasons in *Pennzoil* to abstain in this case. While AFSCME does not ask this court to enjoin the pending grievance or the ISLRB proceedings, it does ask this court to step into a dispute to which a state is a party., Such interference could unnecessarily complicate either or both of the remedies provided under AFSCME's collective bargaining agreement and Illinois state law. Further, abstention in this case could allow settle-

ment of this dispute without any court having to resolve the difficult questions of constitutional law that the Department's drug testing program raises.

When there are on-going state proceedings that implicate important state interests, a federal court should abstain from the dispute unless the plaintiff can show that the state's procedural laws bar presentation of his federal claims. See *Younger,* 401 U.S. at 42, 44, 91 S.Ct. at 749, 750; *Pennzoil,* 107 S.Ct. at 1528; *St. George's School v. Dept. of Registration,* 640 F.Supp. 208, 211 (N.D.Ill.1986). AFSCME contends that neither the arbitrator who is hearing its grievances nor the ISLRB has the power to hear its federal claims. AFSCME does not dispute the Department's contention, however, that AFSCME could appeal both decisions to Illinois courts that have the plenary power to hear AFSCME's federal objections. That is sufficient to allow the state courts to proceed, and for this court to abstain. See *Ohio Civil Rights Comm'n v. Dayton Schools,* 477 U.S. 619, 629, 106 S.Ct. 2718, 2724, 91 L.Ed.2d 512 (abstention warranted where plaintiff could raise federal claim only upon state court review).

Defendants' motion to dismiss is thus GRANTED.