**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL–CIO; and Candice Crooks, Plaintiffs,**

v.

**Michael TRISTANO, the Director of the Illinois Department of Central Management Services; and Michael Lane, the Director of the Illinois Department of Corrections, Defendants.**

**No. 88 C 4432.**

United States District Court, N.D. Illinois, E.D.

Oct. 27, 1988.

Stephen A. Yokich, Cornfield & Feldman, Chicago, Ill., for plaintiff.

Marita Sullivan, Asst. U.S. Atty., Chicago, Ill., for defendant.

### ORDER

BRIAN BARNETT DUFF, District Judge.

The American Federation of State, County and Municipal Employees, AFL–CIO ("AFSCME"), and Candice Crooks have moved for this court to reconsider and vacate its decision and judgment of September 27, 1988, pursuant to Rule 59, Fed.R. Civ.Pro. In its earlier decision, this court dismissed AFSCME and Crooks's complaint challenging a drug testing program instituted by the Illinois Department of Corrections, 695 F.Supp. 410. This court held that the complaint warranted dismissal on grounds of abstention, since AFSCME and Crooks were already challenging the program in proceedings before the Illinois State Labor Relations Board ("ISLRB"). AFSCME and Crooks have also filed grievances pursuant to AFSCME's collective bargaining agreement with the state.

AFSCME and Crooks contend that this court erred in its decision in two respects. They submit first that it is not clear under Illinois law whether they can challenge the constitutionality of the testing program in the Illinois courts. Illinois provides for judicial review of ISLRB decisions under Ill.Rev.Stat. ch. 48, ¶ 1611(e) (Smith–Hurd

Ann.1988 supp.), but AFSCME and Crooks contend that this review will be unsatisfactory. Paragraph 1611(e) provides review in the Illinois Appellate Courts; AFSCME and Crooks contend that they will be unable to obtain plenary review of the constitutional questions in those courts.

This court disagrees. Paragraph 1611(e) expressly incorporates the panoply of procedures provided by the Illinois Administrative Procedure Act, Ill.Rev.Stat. ch. 110, ¶ ¶ 3–101 et seq. (1983). The Act provides for full judicial review of state administrative proceedings, including questions raised but not necessarily disposed of in those proceedings. AFSCME and Crooks fear that they cannot present certain evidence to the ISLRB at this time, given the posture of their case there. They argue that, if they are unable to present this evidence, the Illinois Appellate Courts will not have a complete record and thus they will be deprived of a full hearing on their important constitutional questions. The Act anticipates that problem, however, by allowing any reviewing court (including an appellate court) to remand the case to the administrative agency in order to augment the record, if necessary. See *id.* at ¶ 3–111(a)(7). The Illinois Appellate Courts have used ¶ 3–111(a)(7) in reviewing decisions of the ISLRB to avoid precisely the problem raised by AFSCME and Crooks. See, for example, *Ill. Nurses Ass'n v. State Labor Rel. Bd.*, 156 Ill.App.3d 841, 843–44, 109 Ill.Dec. 295, 296, 509 N.E.2d 1307, 1308 (1987).

AFSCME and Crooks' second objection to this court's ruling is that they will not be able to raise their constitutional objections through the greivance mechanisms of the collective bargaining agreement. They direct this court's attention to *AFSCME v. State of Illinois*, 124 Ill.2d 246, 124 Ill.Dec. 553, 556, 529 N.E.2d 534, 537 (1988), where the court stated that "a court's review of an arbitrator's award is extremely limited." The Illinois Supreme Court went on to state, however, that "[a]n arbitration award in contravention of paramount considerations of public policy is not enforceable. While there is no precise definition of public policy, it is found in the Constitu-

tion, in statutes and, when these are silent, in judicial decisions." *Id.* 124 Ill.Dec. at 559, 529 N.E.2d at 540 (citations omitted). If AFSCME and Crooks believe that the Department's drug testing program is unconstitutional, they can seek to set aside any arbitrator's award upholding the program on grounds of public policy.

For these reasons, this court DENIES Crooks and AFSCME's motion to reconsider and vacate its decision of September 27, 1988.