ILLINOIS NURSES ASSOCIATION, Petitioner-Appellant, v. THE ILLI-
NOIS STATE LABOR RELATIONS BOARD *et al.*, Respondents-Appellees
(Correctional Medical Systems, Inc., Intervenor-Appellee).

First District (5th Division)   No. 1—88—2514

Opinion filed November 8, 1991.

Sally A. Stix, of Chicago, for petitioner.

Roland W. Burris, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Valerie J. Peiler, Assistant Attorney General, of Chicago, of counsel), for respondents.

Melbourne A. Noel, Jr., of Laser, Schostok, Kolman & Frank, of Chicago, and David W. Miller, of Baker & Daniels, of Indianapolis, Indiana, for intervenor-appellee.

JUSTICE MURRAY delivered the opinion of the court:

This case comes before this court for the third time. It does so based on the mandate of the United States Supreme Court entered in this case upon a petition for *certiorari* granted by that Court. The U.S. Supreme Court remanded the case for further consideration in light of an advisory opinion of National Labor Relations Board (NLRB) in the case of Correctional Medical Systems, Inc. (Systems), the Illinois Nurses Association (INA) and Illinois State Labor Relations Board (Board), 295 N.L.R.B. 95. (U.S. No. 90—404, mandate issued April 1, 1991.) That NLRB case involved the same substantive issue as in the instant case.

The cases involve a labor dispute between the INA and Systems and the State of Illinois Department of Central Management Services and Corrections (Departments). Systems is a not-for-profit corporation based in St. Louis, Missouri. It is in the business of contracting with penal institutions, for, among other services, health care for inmates. Systems had a contract with Departments to staff the Shawnee Correctional Center with nurses. The INA filed a complaint with the Board charging the Departments with an unfair labor practice. The INA had a collective bargaining agreement with the State. Systems was not a party to this action as yet. The Board dismissed the charges for lack of jurisdiction. The INA appealed to this court. This court vacated the Board's dismissal of the action and remanded the case back to the Board for further evidentiary proceedings pertaining to the determination of the Board's jurisdiction. *Illinois Nurses Association v. State Labor Relations Board* (1987), 156 Ill. App. 3d 841, 509 N.E.2d 1307.

Upon remand an evidentiary hearing was held. In 1988 the hearing officer concluded that Systems was not a public employer within the meaning of section 3(o) of the Illinois Public Labor Relations Act (Act) conferring jurisdiction on the Board. (Ill. Rev. Stat. 1985, ch. 48, par. 1603(o).) The hearing officer concluded that the Board and Systems were joint employers. The Board itself, on a degree of control

test, held that Systems was the sole employer of the INA. The Board dismissed the matter for want of jurisdiction.

Pursuant to the provisions of the Act, the INA brought an appeal from the Board's conclusion directly to this court. (Ill. Rev. Stat. 1985, ch. 48, par. 1611.) This court reversed the Board and remanded the case to the Board for a rehearing on the INA's charges of unfair labor practice. This court concluded that the Department had a non-delegable duty to staff its correctional institutions with nurses and that Systems was its agent for that purpose. *Illinois Nurses Association v. Illinois State Labor Relations Board* (1990), 196 Ill. App. 3d 576, 509 N.E.2d 1307, *appeal denied* (1990), 132 Ill. 2d 545, 555 N.E.2d 376.

A writ of *certiorari* was then filed with the U.S. Supreme Court. For the first time in the case, the issue of preemption by the NLRB was raised. On April 1, 1991, the U.S. Supreme Court, showing a good deal of courtesy to this court, did not reverse the court but vacated and remanded it back to this court for further consideration of its opinion in light of the opinion of the NLRB in the cited case. *Illinois Nurses Association v. Illinois State Labor Relations Board* (1991), 499 U.S. 944, 113 L. Ed. 2d 462, 111 S. Ct. 1406.

On receipt of the U.S. Supreme Court's mandate, this court waited patiently for the parties to file something before it reassumed jurisdiction.

On August 5, 1991, the INA filed a supplemental brief urging this court to reaffirm our prior ruling. The INA does not discuss the serious issue of the court's jurisdiction in light of the NLRB's decision in the matter issued on August 31, 1990, the day after the Departments filed their petition for *certiorari* from this court's decision.

On August 5, 1991, the *amicus curiae*, the American Federation of State, County and Municipal Employees, filed its brief conceding Federal preemption in the case, concluding its brief with the following:

> "Due to Federal pre-emption substantial intrusion upon the constitutional and statutory responsibilities of the Illinois Department of Corrections and upon clearly stated Illinois public policy will incur should this Court permit the subcontract of labor relations to survive. To avoid this result and maintain the principles of Illinois law, we respectfully urge the Court to void the subcontracting of labor relations. Such action will confer jurisdiction over labor relations upon the ISLRB with judicial review to this court."

On September 20, 1991, the Board and Departments filed their brief with this strange request:

"For all these reasons, and for all the reasons stated in the NLRB's advisory opinion, the ISLRB is federally preempted from exercising jurisdiction over INA's unfair labor practice charge. This court should affirm the NLRB's July 20, 1988 decision."

For the reasons set out below, we vacate our previous order of reversal for want of jurisdiction over the subject matter and vacate the court's opinion subject to reinstatement in the event jurisdiction is reinvested in this court by final action of the NLRB or a Federal court's decision.

We agree with much of what the INA argued. We also concur in the conclusion of the *amicus curiae* labor organization. Yet, we are without jurisdiction in light of the action of the NLRB and the present preemption of the case by the Federal government.

The Board and State agencies' suggestion that we affirm the NLRB's assumption of jurisdiction is impossible. First, because this court has no jurisdiction in a case of this nature to either affirm, reverse or reverse and remand a decision of a Federal agency and, second, that agency's order is a nonfinal one.

It is unfortunate that, due to jurisdictional issues, a complaint by the INA filed in June of 1985 of an alleged unfair labor practice by the State Departments and its agent, to date, remains unresolved on its merits because of a judicial ping-pong match involving jurisdiction.

■■ ■ The *amicus curiae* suggestion that the action of the State Departments and agencies in subcontracting disputes of this nature is against public policy is a good one. However, in this type of action a court's jurisdiction is limited to review of the questions, law and facts presented in the record. (*City of Freeport v. Illinois State Labor Relations Board* (1990), 135 Ill. 2d 499, 554 N.E.2d 155.) We note that no public policy issues are presented in the record.

For the above reasons, the decision of this court in this case is vacated and the appeal dismissed for want of jurisdiction over the subject matter.

Appeal dismissed.

LORENZ, P.J., and GORDON, J., concur.