Terry L. **HEATH** and Martha J. Heath, Plaintiffs,

v.

**WAL–MART STORES, INC.,** et al., Defendants.

No. 99–63–C–B/S.

United States District Court, S.D. Indiana, New Albany Division.

Jan. 23, 2002.

Peter M. Burrel, Schwartz Manes & Ruby, Cincinnati, OH, Richard A. Butler, Lawrenceburg, IN, for Plaintiffs.

Larry L. Eaton, Eaton & Romweber, Versailles, IN, James I. Weprin, Froelich & Weprin, Dayton, OH, for Defendants.

## ORDER DENYING DEFENDANT CESO'S MOTION TO DISMISS AND REQUESTS FOR SANCTIONS

BARKER, District Judge.

Plaintiffs Terry L. Heath and Martha J. Heath brought suit against Wal–Mart Stores, Inc. ("Wal–Mart"), C.E.S.O., Inc. ("CESO"), and Cleveland Construction, Inc. ("Cleveland") to recover damages suffered during the flooding of their property. They allege that Defendants caused a nuisance to upper riparian landowners when they built a Wal–Mart store in Dearborn County, Indiana. Defendant CESO filed a Motion to Dismiss Plaintiffs' Supplemental Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In this motion, CESO requests sanctions pursuant to 28 U.S.C. § 1927. Also before the Court is CESO's Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11. For the reasons set forth below, CESO's motions are *DENIED.*

### Analysis

The procedural posture of this litigation is important to the disposition of Defendant's motions. We begin by narrating the history of this case. Plaintiffs filed the original complaint on April 19, 1999. That complaint seeks damages and an in-

junction based on nuisance against all three Defendants. CESO and Cleveland filed motions for summary judgment in early 2000. Wal–Mart filed its motion for summary judgment on June 30, 2000. In our ruling of September 26, 2000, we denied Wal Mart's motion. *Heath v. Wal-Mart Stores, Inc.*, 113 F.Supp.2d 1294 (S.D.Ind.2000) ("*Heath I*"). Indiana law recognizes a cause of action in nuisance when a lower riparian landowner, Wal-Mart in this case, "obstructs a natural watercourse to the detriment of the upper landowner." *Id.* at 1299 (quoting *Trowbridge v. Torabi*, 693 N.E.2d 622, 628 (Ind. Ct.App.1998)). We found that the Heaths had created a genuine issue of material fact as to whether the obstruction of a natural watercourse, Wilson Creek, was responsible for the flooding they experienced. *Id.* at 1299–1304. We granted CESO and Cleveland's motions for summary judgment, determining that "the Supreme Court of Indiana would not find a defendant liable for nuisance in the absence of evidence that the defendant had a property interest in the land on which the nuisance originated or *that the defendant was at least aware of the potential for its action to cause a nuisance.*" *Id.* at 1305 (emphasis added). Plaintiffs argued only that it was CESO's responsibility to properly plot the floodway of Wilson Creek. Instead, in order to avoid summary judgment, the Heaths needed to show that CESO knew it had positioned the floodway improperly and that this failure would constitute a nuisance. *Id.*[1]

On November 17, 2000, Defendant CESO filed a Motion for Certification of Order Granting Summary Judgment, pursuant to Federal Rule of Civil Procedure 54(b). Rule 54(b) states that in cases in which "multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the ... parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). We denied CESO's motion. *Heath v. Wal–Mart Stores, Inc.*, 2001 WL 58600, at *1 (S.D.Ind. Jan.23, 2001) ("*Heath II*"). CESO failed to demonstrate that there was "no just reason for delay," as set forth in Rule 54, in light of its failure to file the motion until forty-five days after the summary judgment ruling despite the arguable 30 day deadline[2] for such filings. *Id.* (citing *Schaefer v. First Nat'l Bank of Lincolnwood*, 465 F.2d 234, 236 (7th Cir.1972) ("[A]s a general rule it is an abuse of discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates.")). We also noted that, in light of the long-standing tradition against piecemeal appeals, judicial resources would be maximized by denying certification. *Id.* at *2 (citing *Columbia Broadcasting Sys., Inc. v. Amana Refrigeration, Inc.*, 271 F.2d 257, 258 (7th Cir.1959)).

Following the denial of the Rule 54(b) motion, Plaintiffs filed a Motion for Leave to File Supplemental Complaint, which Magistrate Judge V. Sue Shields granted on July 23, 2001. The supplemental complaint adds allegations concerning flooding in the Winter and Spring of 2000. Supplemental Complaint, ¶ 4. It also alleges that CESO incorrectly located the floodway of Wilson Creek and filled the floodway with obstructive debris, and that when it did so, it knew or should have known that its

---

1. Cleveland's motion was granted for similar reasons. *Heath I*, at 1305–06. That decision is not at issue here.

2. For discussion of the current status of this deadline, *see Heath II*, at *1.

mistake would create a nuisance which would cause damage to the Heaths's property. *Id.* at ¶ 5–6.

CESO bases its motion to dismiss and its accompanying requests for sanctions on res judicata.[3] Specifically, CESO maintains that the complaint must be dismissed because Plaintiffs, by means of the supplemental complaint, are attempting to relitigate issues already decided in favor of CESO in the earlier summary judgment ruling. Motion to Dismiss at 1–2. Hence, the parties dispute whether a continuing nuisance creates a new cause of action that could not have been raised in the original complaint. Both sides neglected a first step in analyzing the question at issue, resulting in briefs that did little to aid the Court in reaching its decision.

■ More specifically, neither party addressed the dispositive question of whether summary judgment decisions, in the absence of entry of final judgment, have a preclusive effect. The answer is that such decisions do not. In *Kirby v. P.R. Mallory & Co., Inc.*, 489 F.2d 904, 912 (7th Cir.1973), the Seventh Circuit remarked that "[t]he order of denial of summary judgment is an interlocutory decree ... *without res judicata effect.*" (emphasis added) (internal citations omitted); *see also Freeman v. Kohl & Vick Machine Works, Inc.*, 673 F.2d 196, 201 (7th Cir. 1982) ("[W]e hold that ... an order [denying summary judgment] is interlocutory without res judicata effect and is thus subject to revision by the district court."). Here, of course, we granted, rather than denied, summary judgment as to CESO. We conclude, however, that the lack of res

judicata effect in this case is the same as it would have been had we denied CESO's motion for summary judgment. This conclusion arises from our determination that Seventh Circuit precedent permits the granting of summary judgement to have res judicata effect only when it is the final judgment in the case, as it was not here.

In *Alexander v. Chicago Park District*, the Seventh Circuit upheld a district court's dismissal of certain counts of a race discrimination claim on the basis of res judicata. 773 F.2d 850 (7th Cir.1985). In its first decision, the district court granted summary judgment on two counts and partial summary judgment on two other counts. *See id.* at 852–53. In its later decision, the trial court dismissed, on the basis of res judicata, similar counts raised in an amended complaint. *Id.* at 853. The Seventh Circuit upheld this part of the ruling. The appellate court reasoned that the first order "was sufficiently final for res judicata purposes...." *Id.* at 855. The Seventh Circuit found that although the district court's order purporting to permit appeal did not technically comply with Rule 54(b), it was clear that the district judge intended that the summary judgment decision be final. *Id.*

■ In contrast, here we explicitly rejected CESO's request for Rule 54(b) certification. *Heath II*, at *2. The reason for this rejection suggests the lack of res judicata effect created by granting summary judgment in favor of CESO. Our decision was based in part on the finding that permitting piecemeal appeal would be an inefficient use of judicial resources. *Id.* Generally, a judgment that is not suffi-

---

**3.** Both parties use the term "res judicata" without relating their arguments to the more modern terms of "claim preclusion" or "issue preclusion" or to the more accurate doctrine of "law of the case." *See generally* Fleming James, Jr. et al., *Civil Procedure* § 11.3 (5th

ed.2001). We use the term res judicata loosely to refer to the binding effect (or lack thereof) of a prior judgment on the current ruling. The cases on which we rely for our ruling do likewise.

ciently final to be appealable is also not sufficiently final to have res judicata effect. *See Freeman*, 673 F.2d at 202 (dismissing appeal for lack of jurisdiction due to lack of finality and noting that district court's order was also without res judicata effect); *cf. Automatic Liquid Packaging, Inc. v. Dominik*, 852 F.2d 1036, 1037–38 (7th Cir. 1988) (rejecting appeal and Rule 54(b) certification, reasoning that if the ruling on the claim were final it would have res judicata effect on the second claim, which would be inappropriate given the similarity between the two claims and deciding that, therefore, the ruling was not final, Rule 54(b) certification was improper, and appellate jurisdiction was unavailable). *But see Alexander*, 773 F.2d at 855 (in dicta, commenting that order was sufficiently final for res judicata purposes even if not appealable).

■ We also note that the extension of the Seventh Circuit rule that a denial of a summary judgment is without res judicata effect to the situation in which partial summary judgment is granted garners support from another circuit. In *Avondale Shipyards, Inc. v. Insured Lloyd's*, the Fifth Circuit held that the granting of partial summary judgment holding that a certain construction project was a vessel under the statute was not a final judgment for purposes of res judicata. 786 F.2d 1265, 1269 (5th Cir.1986). *See also Streber v. Hunter*, 221 F.3d 701, 737 (5th Cir.2000) (noting that an order granting partial summary judgment "is subject to revision by the district court ... and has no res judicata effect"). Indeed, such a conclusion is logical. Summary judgment decisions are very fact-sensitive. When a summary judgment ruling is not the final decision in a case, it is clear that new facts (presented under certain circumstances) may change the outcome. *Cf. Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90

F.3d 1264, 1268–69 (7th Cir.1996) (noting that new facts that could not have been discovered or produced with reasonable diligence during pendency of summary judgment motion can be introduced as basis of motion to reconsider). Hence, we conclude that our prior summary judgment in favor of CESO has no res judicata effect against the supplemental complaint filed by the Heaths.

■ Since CESO's motion is brought pursuant to Rule 12(b)(6), we now examine whether Plaintiffs have failed to state a claim upon which relief can be granted. We find that the complaint is sufficient under this permissive standard. In their supplemental complaint, the Heaths allege, as they did in their first complaint, the basic elements of a nuisance claim: obstruction of a natural watercourse causing flooding and damages on the upper riparian landowners' property. Supplemental Complaint, ¶¶ 1, 4. They also allege knowledge, as required to hold liable those who contribute to a nuisance but do not own the land on which the nuisance exists. *Id.*, ¶¶ 5–6. It is clear that proof of some set of facts consistent with the complaint would support Plaintiffs' claim for relief. *See Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir.2000), cert. denied, 531 U.S. 880, 121 S.Ct. 191, 148 L.Ed.2d 132. Because we must accept as true all facts asserted in the complaint and draw all reasonable inferences in Plaintiffs' favor, *id.*, dismissal of the complaint is not appropriate. Of course, absent new precedent requiring us to reinterpret Indiana case law, the parties should expect that we shall adhere to our earlier conclusions concerning the elements of a nuisance claim. Should CESO file another motion for summary judgment, the Heaths will be required to present enough evidence to create a genuine issue of material fact as to whether CESO actually had the requisite knowledge.

## Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss is *DENIED*. Because denial is not warranted, sanctions under Rule 11 or 28 U.S.C. § 1297 are inappropriate. Hence, Defendant's requests for sanctions are also *DENIED*.