IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 9, 2024

## DAVID CARROLL v. TODD FOSTER

**Appeal from the Chancery Court for Unicoi County**
**No. 8277      Suzanne S. Cook, Judge[1]**

---

### No. E2024-00525-COA-T10B-CV

---

This is an interlocutory appeal as of right, pursuant to Tenn. Sup. Ct. R. 10B, filed jointly by David Carroll ("Plaintiff") and Todd Foster ("Defendant") ("Petitioners," collectively), seeking to recuse the trial judge in this case. Having reviewed the petition for recusal appeal filed by Petitioners, and finding no reversible error, we affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ARNOLD B. GOLDIN, J., joined.

Shelley S. Breeding, Knoxville, Tennessee, for the appellant, David Carroll.

Jason Shade, Johnson City, Tennessee, for the appellant, Todd Foster.

## OPINION

### Background

The underlying proceedings in the Chancery Court for Unicoi County ("the Trial Court") concern the sale of real property improved by a residential house. Plaintiff purchased the property at issue from Defendant. Plaintiff later sued Defendant in the Trial Court alleging significant structural deficiencies in the home that were not disclosed by Defendant before the sale, an allegation Defendant denies. The original trial judge, Chancellor John C. Rambo, did not have a trial setting available to accommodate a trial in

---

[1] Sitting by interchange.

this matter. Therefore, in January 2024, Chancellor Rambo entered an Order of Designation providing that the matter would be heard by Washington County Circuit Court Judge Suzanne S. Cook ("Judge Cook"), sitting by interchange.

The parties engaged in discovery. Defendant disclosed an expert—structural engineer Alan Rommes ("Rommes"). Rommes was slated to testify about the structural integrity of the home. The parties agree that Rommes' testimony is of central importance to the case, and that the trial judge's assessment of his credibility will be key. At one point, Rommes asked counsel for Defendant who the trial judge was. When told Judge Cook, Rommes shared that Judge Cook had represented him for approximately seven years in a slip and fall case when she was a practicing attorney. The representation ended in December 2021, shortly before Judge Cook took office. On March 26, 2024, counsel for Defendant informed counsel for Plaintiff about the potential conflict. The parties agreed that Judge Cook should recuse. On March 28, 2024, Petitioners filed a joint motion for recusal. Petitioners do not allege actual bias on Judge Cook's part, but rather that there is an appearance of impropriety based on her prior representation of Rommes.

On April 1, 2024, the Trial Court entered an order denying Petitioners' joint motion for recusal. Judge Cook held that, contrary to Tenn. Sup. Ct. R. 10B, Petitioners had failed to support their motion by affidavit or include a statement that the motion was not filed for an improper purpose. Moving on to address the merits, Judge Cook found that a reasonable person would not perceive an appearance of impropriety in her hearing the case notwithstanding her prior representation of Rommes. The Trial Court stated, in part:

> Thereafter, the joint motion states that Mr. Rommes has been retained as an expert structural engineer for Defendant Todd Foster in the present matter. The alleged basis for the joint motion is overbroadly stated and/or inaccurately insinuated.
> The Court pulled the court files on the matter referred to in Paragraph 5 to review the same. Suit was filed on November 5, 2014 in the Circuit Court for Washington County at Jonesborough, Tennessee. Case. No. 33794 against Mr. Rommes. The undersigned was retained by a third party to defend Mr. Rommes, who as a landlord, was sued by a tenant / former tenant for an alleged fall on his property over a piece of pipe in a grassy area. The undersigned filed a motion to involuntarily dismiss the suit on January 23, 2017 pursuant to Tenn. R. Civ. Pro. 41.02 alleging plaintiff's failure to prosecute the matter. Plaintiff in turn filed a notice of voluntary dismissal without prejudice pursuant to Tenn R. Civ. Pro. 41.01 which was granted by order on March 2, 2017.
> The plaintiff refiled suit just shy of one year later on February 8, 2018 again in the Circuit Court for Washington County, Tennessee at

Jonesborough, Case No. 37434. The undersigned was again retained by a third party to defend Mr. Rommes on the same allegations. The undersigned deposed the plaintiff, after which a motion for summary judgment was filed on March l4, 2019. The motion was denied. Then, the plaintiff's counsel unexpectedly passed away, and the ultimate dismissal with prejudice was delayed while the deceased attorney's cases were taken over by other counsel. The matter was dismissed with prejudice by order entered on December 13, 2021.

(Footnotes omitted). After a discussion of caselaw on recusal, Judge Cook concluded as follows:

> In the present matter, Mr. Rommes is not a party to this matter. He is a witness. But, these cases illustrate that recusal was not required in circumstances far more involved than the present situation. The parties have not set forth any support for their premise that recusal is warranted in the present matter.
> Turning to the present case and motion, the Court has no knowledge of the parties in this matter, nor the issues in the litigation other than what are contained within the pleadings to date, and thus no opinions nor bias for or against either party or any witness(es) in the case. The Court has not heard any motions nor made any rulings in this matter. The undersigned has no relationship with Mr. Rommes, nor the parties or any other witness in this matter. Mr. Rommes is not a party in the present matter, and the suit(s) years ago to which he was a party involved different and distinct legal questions, including that his expert opinion(s) were not required nor offered in that suit.
> Accordingly, the Joint Motion For Recusal is DENIED on this basis too.

(Footnote omitted).

Thereafter, Petitioners filed a joint motion to alter or amend and renewed motion for recusal, this time complying with the requirements of Rule 10B. Petitioners also filed a joint motion to stay proceedings. The Trial Court denied both motions. The Trial Court stated, in part:

> [T]he alleged factual and legal grounds are identical as to the first motion to recuse. What is notable, however, about the Affidavit of Alan Rommes is that his affidavit wholly lacks any testimony that the slip and fall case in which the undersigned represented him included any expert opinions or testimony by him at any point.

***

Despite the Court's overview of the litigation and docket numbers through which the parties could verify the scarcity of activity due to plaintiff's failure to prosecute the matter, including no discovery by plaintiff, and the passage of time due to various events in which little activity of substance occurred, both parties and their counsel now continue to restate the same legal and factual theories as contained within the first motion. As previously stated in the Order, the undersigned defended Mr. Rommes against an ordinary slip and fall claim, during which spans of time passed in each case with little activity or contact due to the plaintiff's uncooperativeness and failure to prosecute her case, as well as a year between the first nonsuit and the refiled suit.

Yet, the parties appear to continue to deliberately overstate the same. The parties' joint motions are prone to hyperbole including statements alleging representing Mr. Rommes' for "almost a decade". The parties' and /or their counsels' tenor and approach, including in the first motion, shaded representation as continuous and personal in nature, and insinuated the scope and type of testimony involved, rather than a straightforward acknowledgement of the proceedings. These subsequent motions persist in that course of conduct.

(Internal citations omitted). Pursuant to Tenn. Sup. Ct. R. 10B, Petitioners timely filed an interlocutory appeal as of right from the Trial Court's order denying recusal. Petitioners also filed a joint motion to stay proceedings, which this Court granted.

**Discussion**

We review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B § 2.01. "The party seeking recusal bears the burden of proof, and 'any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case.'" *Neamtu v. Neamtu*, No. M2019-00409-COA-T10B-CV, 2019 WL 2849432, at *2 (Tenn. Ct. App. July 2, 2019), *no appl. perm. appeal filed* (quoting *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015), *no appl. perm. appeal filed*). As this Court explained in *Neamtu*:

The party seeking recusal bears the burden of proof. *Williams*, 2015 WL 2258172, at *5; *Cotham v. Cotham*, No. W2015-00521-COA-T10B-CV,

2015 WL 1517785, at *2 (Tenn. Ct. App. Mar. 30, 2015) (*no perm. app. filed*). "[A] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Duke* [*v. Duke*], 398 S.W.3d [665,] 671 [(Tenn. Ct. App. 2012)] (quoting *Eldridge v. Eldridge*, 137 S.W.3d 1, 7-8 (Tenn. Ct. App. 2002)). When reviewing requests for recusal alleging bias, "it is important to keep in mind the fundamental protections that the rules of recusal are intended to provide." *In re A.J.*, No. M2014-02287-COA-R3-JV, 2015 WL 6438671, at *6 (Tenn. Ct. App. Oct. 22, 2015), *perm. app. denied* (Tenn. Feb. 18, 2016). "**The law on judicial bias is intended 'to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor.'**" *Id.* (quoting *Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009)).

*Neamtu*, 2019 WL 2849432, at *3 (quoting *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016), *no appl. perm. appeal filed.*) (emphasis in original).

The Trial Court denied Petitioners' recusal motions on procedural grounds and on the merits. We first address the Trial Court's denial of the recusal motions on the merits—namely, whether Judge Cook's prior representation of Rommes creates an appearance of impropriety. In their brief, Petitioners state that Rommes is Defendant's only engineering expert. They contend that Judge Cook's "work with Rommes caused her to form opinions as to his tendencies to veracity or mendacity. And because the credibility of Rommes will be a key trial issue, her knowledge of that is problematic." (Footnote omitted). Petitioners emphasize that they do not allege actual bias on Judge Cook's part, but rather that a reasonable observer might question Judge Cook's impartiality.

"[P]reservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998); *see also Offutt v. United States*, 348 U.S. 11, 14 (1954) (holding that "justice must satisfy the appearance of justice"). As such, Rule 2.11(A) of the Code of Judicial Conduct as set forth in Tenn. Sup. Ct. R. 10 requires a judge to recuse herself "in any proceeding in which the judge's impartiality might reasonably be questioned." *See also Smith v. State*, 357 S.W.3d 322, 341 (Tenn. 2011) (noting that recusal is required, even if a judge subjectively believes he or she can be fair and impartial, whenever "'the judge's impartiality might be reasonably questioned because the appearance of bias is as injurious to the integrity of the judicial system as actual bias'" (quoting *Bean*, 280 S.W.3d at 805)).

-5-

However, "a judge should not decide to recuse unless a recusal is truly called for under the circumstances." *Rose v. Cookeville Reg'l Med. Ctr.*, No. M2007-02368-COA-R3-CV, 2008 WL 2078056, at *2 (Tenn. Ct. App. May 14, 2008), *no appl. perm. appeal filed*. This is true because "'[a] judge has as much of a duty not to recuse [herself] absent a factual basis for doing so as [she] does to step aside when recusal is warranted.'" *Id.* (quoting *Mass v. McClenahan*, No. 93 Civ. 3290 (JSM), 1995 WL 106106, at *1 (S.D.N.Y. Mar. 9, 1995)). Recusal based upon an asserted appearance of bias or prejudice "is appropriate only if the facts provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality." *Rose*, 2008 WL 2078056, at *2 (quoting *In re United States*, 666 F.2d 690, 695 (1st Cir. 1981)).

While finding no Tennessee case directly on point, the Supreme Court of Wyoming has stated that "'[a] judge's prior representation of a litigant generally does not require the judge's recusal.'" *Gilbert v. State*, 509 P.3d 928, 933 (Wyo. 2022) (quoting *United States v. Davis*, 801 F.App'x 75, 78 (4th Cir. 2020)). The Wyoming court upheld the trial judge's decision not to recuse, stating in part: "Mr. Gilbert provided no evidence that Judge Johnson had any personal knowledge of the current proceedings against him based on her prior representation of him. Nor did he present any evidence that her prior representation of him caused her to harbor any personal bias or prejudice against him." *Gilbert*, 509 P.3d at 933. While the present case concerns the trial judge's prior representation of an expert witness rather than a party, *Gilbert* is instructive. In a scenario more akin to the one at bar, a federal district judge in Alabama declined to recuse despite having previously represented a witness in the case before him, stating in part:

> The case law surrounding [28 U.S.C.] § 455(a) is generally in agreement that a judge's impartiality would not be reasonably questioned simply because the judge's former client now appears as a witness in an unrelated matter over which the judge is presiding. *See David v. City and County of Denver*, 101 F.3d 1344, 1350-51 (10th Cir. 1996) (recusal not required based on trial judge's representation of police chief more than 20 years before he appeared before judge as witness in unrelated lawsuit); *Alexander v. Chicago Park District*, 773 F.2d 850, 856-57 (7th Cir. 1985) (judge represented witness 25 years ago); *M.K. Metals, Inc. v. National Steel Corp.*, 593 F.Supp. 991, 994 (N.D. Ill. 1984) (Shadur, J.) (principal of company judge represented over four years ago called as witness); *see also Chitimacha Tribe* [*of Louisiana v. Harry L. Laws Co., Inc.*], 690 F.2d [1157,] 1166 [(5th Cir. 1982)] (judge represented party in unrelated matter at least six years ago). Based on these cases, plus the fact that approximately 30 years have elapsed since I represented Covin, I am confident that my prior

-6-

association with Covin would not lead an objective, disinterested, lay observer to entertain a significant doubt about my impartiality.

In addition to the federal disqualification statutes, I have also consulted ethics rules on recusal. According to the Judicial Conference Committee on Codes of Conduct:

> "If a former client of the judge is a *party*, but the litigation is totally unrelated to the earlier representation, whether recusal is required depends upon such factors as the length of time since the earlier representation ended; the nature, duration, and intensity of the earlier representation; the presence or absence of ongoing personal relationships; etc."

Judicial Conference Committee on Codes of Conduct, Compendium of Selected Opinions § 3.6-5(b) (2005) (emphasis added).

Although Covin is a witness in this case, and not a party, I must assume that similar factors should be considered. Here, the litigation is of course totally unrelated to my representation of Covin before I assumed the bench; it has been approximately 30 years since I represented him; my representation of Covin was relatively brief and routine; and I do not have, nor have I ever had, any personal association with Covin outside of our lawyer-client relationship which ended decades ago. Therefore, I conclude that I am not prohibited by the Code of Conduct for United States Judges from hearing a case in which Covin is an expert witness.

Accordingly, despite my having once represented a witness, my recusal is not warranted in this case.

*U.S. v. Lawson*, No. 2:06cr173-MHT, 2007 WL 62854, at *2 (M.D. Ala. Jan. 9, 2007) (footnotes omitted).[2]

While Petitioners are correct in that the appearance of impropriety is sufficient to require the recusal of a judge and that it is unnecessary to prove actual bias, Petitioners still must be able to articulate, even if only conceptually, what that alleged appearance of impropriety is. Implicit in Petitioners' jointly-made argument for recusal is that Judge Cook must necessarily appear biased because of her prior representation of Rommes. Petitioners do not state against whom Judge Cook has the appearance of bias, only that the

---

[2] We note that the parties in *Lawson* agreed that recusal was not warranted. 2007 WL 62854, at *1.

appearance exists. Thus, Petitioners' theory is a binary proposition. In one of Petitioners' hypothetical scenarios, Judge Cook would appear to be predisposed to find Rommes credible based on her prior representation of him because, during her prior representation of him, she found him credible. In the other hypothetical scenario, Judge Cook would appear to be predisposed to discount Rommes' testimony because she assessed that he lacked credibility.

These two hypothetical scenarios leave out an equally viable possibility—that Judge Cook has no opinion of Rommes one way or another. Indeed, Judge Cook said as much in her orders declining to recuse. While Judge Cook's representation of Rommes lasted seven years and ended only a short time before she took the bench, Judge Cook explained that there was very little activity in the case. So little activity, according to Judge Cook, that the plaintiff in that case took no discovery, which must mean that the plaintiff never took Rommes' deposition. Petitioners' position is based on an assumption, which they treat as fact, that Judge Cook's "work with Rommes caused her to form opinions as to his tendencies to veracity or mendacity." That is not necessarily so. It is entirely plausible that Judge Cook's representation of Rommes was unremarkable in nature; that she never formed any indelible opinions of his credibility; and that she is perfectly able to impartially assess his credibility as an expert witness in a wholly unrelated case. The prior case was a slip and fall case in which Rommes was a defendant landlord. The present case concerns the sale of real property and Rommes would be an expert witness testifying to the structural integrity of a home. These are quite distinct matters.

To prevail on their motion to recuse, Petitioners have to show that a person of ordinary prudence in Judge Cook's position, with knowledge of all facts known to Judge Cook, would find a reasonable basis to question her impartiality. *See Adams v. Dunavant*, 674 S.W.3d 871, 878 (Tenn. 2023). That Judge Cook previously represented Rommes in an unrelated matter is not an *ipso facto* basis for her recusal. Petitioners point to no evidence contradicting Judge Cook's detailed explanation of her representation of Rommes, a case which consisted mainly of delays. To be sure, one can visualize a scenario in which a trial judge's prior representation of a witness could give rise to the appearance of impropriety. Here, however, Petitioners have only the duration of the prior representation and its proximity to when Judge Cook took the bench to go on, both of which are heavily mitigated by the different subject matter and sporadic activity in the prior case.

Petitioners say nevertheless that "[t]he trial judge inevitably formed opinions of Rommes during her seven year representation of him . . . ." We respectfully disagree. That is supposition on Petitioners' part. As Judge Cook explained, Petitioners have not even established that Rommes' testimony was a factor in the prior case, so his credibility may

-8-

not even have been implicated.[3]  We find no reversible error in the Trial Court's denial of Petitioners' motions for recusal.  Based on our holding regarding the merits of the recusal motions, the Trial Court's denial based on various procedural defects is pretermitted as moot.

## Conclusion

For the foregoing reasons, we affirm the Trial Court's denial of the motions for judicial recusal.  David Carroll and Todd Foster are taxed equally with the costs of this appeal, for which execution may issue.  The stay on proceedings in the Trial Court is lifted, and this case is remanded for further proceedings.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

---

[3] To the extent Petitioners are arguing that the mere fact Judge Cook agreed to defend Rommes in the prior matter means she must have concluded that the representation met the basic requirements of ethics, that is a de minimus if not completely irrelevant point as to whether Judge Cook has an opinion of Rommes' credibility as a witness.